383 So.2d 729 (1980)
David WALLACE, Appellant,
v.
WALTON CONTEXT BUILDING and United States Fidelity & Guaranty Company, Appellees.
No. QQ-232.
District Court of Appeal of Florida, First District.
May 12, 1980.
Douglas A. McDuff of Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, Miami, for appellant.
Jerry V. Wilkey, Coral Gables, for appellees.

ON MOTION FOR REHEARING GRANTED
MILLS, Chief Judge.
Wallace, who prevailed on appeal of this workers' compensation case, moves the Court to reconsider its order denying his attorney an appellate attorney's fee. We grant the motion, vacate our order and award his attorney an appellate attorney's fee of $300.
This appeal was perfected before jurisdiction was vested in this Court and was transferred here on 1 October 1979 pursuant to Section 440.271, Florida Statutes (1979). The Industrial Relations Commission had no rule requiring the filing of a motion for attorney's fee. There is no rule in the Florida Workers' Compensation Rules of *730 Procedure, 374 So.2d 981 (Fla. 1979). By our decision in Fla. Dept. Comm., Div. of Risk Management v. Davies, 379 So.2d 1313 (1980), we established the requirement that for an employee to be awarded an appellate attorney's fee he or she must file a motion requesting the fee no later than the time required for the filing of the reply brief.
For the future guidance of attorneys, we hold that in all appeals perfected before 1 October 1979 an employee seeking an appellate attorney's fee may file a motion requesting the fee at any time before this Court loses jurisdiction of the case. This rule will also apply to appeals taken between 1 October 1979 and 13 February 1980, provided the reply brief was filed or the time for filing had expired before 13 February 1980. Our decision in Fla. Dept. of Comm. Div. of Risk Management v. Davies applies to appeals taken after 13 February 1980 and to those taken between 1 October 1979 and 13 February 1980 where the reply brief was not filed or the time for filing had not expired before February 1980.
Motion for rehearing is granted, order denying appellate attorney's fee is vacated, and Wallace's attorney is awarded an appellate attorney's fee of $300.
McCORD and BOOTH, JJ., concur.