388 So.2d 1338 (1980)
MUNROE MEMORIAL HOSPITAL and All Risk Corp. of Florida, Appellants,
v.
Ella Mae THOMPSON, Appellee.
No. RR-97.
District Court of Appeal of Florida, First District.
October 10, 1980.
Bruce R. Kaster of Pattilo, MacKay & McKeever, P.A., Ocala, for appellants.
Charles C. Hurt, Orlando, for appellee.
THOMPSON, Judge.
The appellants challenge a compensation order, contending that they did not receive adequate notice of the nature of the employee's claim for compensation, and that there was a lack of competent substantial evidence to support the judge's findings. We agree and reverse.
*1339 On November 9, 1977, the claimant slipped and fell in a work-related accident. A claim was filed on May 22, 1978, stating that the injury was a "popped right knee cap." This claim was dismissed without prejudice on December 21, 1978. A new claim was filed on December 22, 1978, stating that the injury was a "hurt low back." On March 1, 1979, a Notice of Hearing was sent to the parties, stating that the subject of the hearing would be a "determination of claimant's benefits." On June 6, 1979, the hearing was held, and on July 31, 1979, the Judge of Industrial Claims ("JIC") entered his Order, finding inter alia that the claimant sustained a 5% permanent partial disability to the lower right extremity. The appellants were ordered to pay to the claimant temporary total disability and permanent partial disability compensation.
This court has recognized that "due process problems arise when the [JIC] undertakes to rule on issues not framed by the parties." Farm Stores v. Dyrda, 384 So.2d 269 (Fla. 1st DCA 1980). Here, the claim stated that the injury was a "hurt low back." Although the Notice of Hearing stated that the subject thereof would be a "determination of claimant's benefits," it is clear that this "determination" refers to the effect of the alleged back injury. However, the JIC's Order is patently based on evidence relating to a knee injury, and in fact, the JIC awarded compensation for a knee injury. The appellants properly complain of a lack of adequate notice regarding a claim based on such an injury, see Fla. Stat. § 440.19(1)(c) (1977), thereby resulting in a denial of appellants' rights to due process. Additionally, an Order that is not in accord with the understanding with which the hearing was undertaken and participated in is a denial of due process and must be reversed. La Mer Coffee Shop v. Taylor, IRC Order 2-3531 (Sept. 11, 1978).
Even assuming that the hearing and the JIC's Order were preceded by adequate notice, reversal would still be required because there is no competent substantial evidence showing a causal connection between the claimant's work-related accident and her later physical disabilities. See City of Jacksonville Police Dept. v. Hobbs, 246 So.2d 561-62 (Fla. 1971). One doctor could not state the cause of the claimant's knee condition, while the testimony of another doctor in this respect has no probative value because it was not based on facts supported by the evidence. See Geiger Distributors Inc. v. Snow, 186 So.2d 507, 509 (Fla. 1966).
The only probative evidence relating to the cause of the claimant's knee and back problems came from the claimant herself. A careful review of the record reveals that her testimony failed to establish a causal connection between her accident and her later physical disabilities. Therefore, there was no basis for an award of permanent partial disability based on the claimant's accident. As to the award of temporary total disability, the evidence clearly shows that the claimant was not disabled; that she continued to work after her accident; that she was fully capable of working after her employment was terminated by the hospital; and that her subsequent unemployment was the result of her own volition. Thus, the JIC erred in ordering the payment of temporary total disability compensation. See Hollywood, Inc. v. Brust, 9 FCR 367, 368 (1976).
Our reversal of the JIC's Order also results in the reversal of the JIC's award of attorney's fees for the claimant's counsel. Finally, we note that the claimant has requested an award of attorney's fees for representation on this appeal. In view of the disposition of this appeal, the request must be denied. But even if this appeal had resulted in a favorable ruling for the claimant, the request for attorney's fees would still be denied because that request was presented in the claimant's brief, rather than by filing a separate motion. See Florida Dept. of Commerce, Div. of Risk Management v. Davies, 379 So.2d 1313 (Fla. 1st DCA 1980); Wallace v. Walton Context Building, 383 So.2d 729 (Fla. 1st DCA 1980).
MILLS, C.J., and McCORD, J., concur.