THOMPSON, Judge.
The appellant challenges a worker’s compensation order, contending in part that the Deputy Commissioner (“the Deputy”) erred in determining the basis for the appellant’s rate of compensation. We agree and reverse. Upon consideration of the briefs and the record, we find that pursuant to § 440.15(5)(c), Fla.Stat. (1975), the rate of compensation should be based on the appellant’s average weekly wage as of September 1, 1976.
The appellant has requested an award of attorney’s fees for representation on this appeal. This request was presented in the appellant’s brief, rather than by filing a separate motion, and therefore it must be denied. See Fla. Dept. of Comm., Div. of Risk Management v. Davies, 379 So.2d 1313 (Fla. 1st DCA 1980); Wallace v. Walton Context Building, 383 So.2d 729 (Fla. 1st DCA 1980); Munroe Memorial Hospital v. Thompson, 388 So.2d 1338 (Fla. 1st DCA 1980). Parenthetically, we note that although the Florida Workers’ Compensation Rules of Procedure do contain provisions regarding appellate proceedings, those Rules are not all inclusive on this subject. To the extent to which those Rules are silent with respect to appellate procedure, the Florida Rules of Appellate Procedure are fully applicable to proceedings before this court. See, e. g., Davies, 379 So.2d at 1313; Fidelity & Casualty Co. *254 of New York v. Scott, 386 So.2d 315, 316 (Fla. 1st DCA 1980). Cf. Malyn v. Atlantic Federal S & L Ass'n, 384 So.2d 957 (Fla. 1st DCA 1980).
The Deputy’s Order is reversed and this cause is remanded with instructions to base the appellant’s rate of compensation on his average weekly wage as of September 1, 1976.
ROBERT P. SMITH, Jr., J., and WOOD-IE A. LILES (Ret.), Associate Judge, concur.