423 So.2d 582 (1982)
VERDI's ITALIAN RESTAURANT and American Liberty Insurance Company, Appellants,
v.
Marion CAMPANELLA, Appellee.
No. AK-242.
District Court of Appeal of Florida, First District.
December 20, 1982.
*583 C. Randal Morcroft of Anthony J. Beisler, P.A., Fort Lauderdale, for appellants.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for appellee.
PER CURIAM.
This cause is before us on appeal from an order entered in a workers' compensation proceeding challenged here by the employer/carrier as to the award of wage loss benefits and medical care relative to a weight-loss program and as to the determination that claimant reached maximum medical improvement on October 27, 1980. We affirm.
Marion Campanella, a 57-year-old high school graduate with extensive experience in accounting and bookkeeping, suffered a work-connected accident on December 11, 1979, when she fell, injuring her knee. Knee surgery was performed, and claimant was determined to have reached maximum medical improvement as of October 27, 1980, with a ten percent permanent disability.
We affirm the deputy's award of wage loss benefits, awarded from October 27, 1980 to the date of hearing with credit for all benefits paid during this interval, based upon the deputy's finding that claimant made a genuine and sincere effort to return to work after being released by her treating physician. The deputy's award of medical care relative to claimant's weight-loss program is palliative in nature, aimed at relieving the pain in her leg and lowering her blood pressure, and is therefore not inconsistent with the deputy's finding of maximum medical improvement. We therefore affirm the deputy's order regarding the weight-loss program, but with the caveat that claimant has a corresponding duty to take reasonable measures to reduce her disability by cooperating fully in the weight-loss program. The employer/carrier is not required to supply such palliative treatment indefinitely or in the absence of claimant's voluntary cooperation, and may seek modification of the deputy's order in this regard if the weight-loss program fails to achieve desired results within a reasonable period of time. See, Benton & Company, Inc. v. Lopinto, IRC Order 2-2513 (1974), and Lobintz v. Orange Memorial Hospital, 126 So.2d 739 (Fla. 1961).
The judgment is affirmed.
McCORD, BOOTH and WENTWORTH, JJ., concur.