SHIVERS, Judge.
Appellant, claimant in this workers’ compensation action, appeals the final order of the Chief Commissioner denying her claim for temporary disability benefits and weight control treatment, and assessing costs against her. We affirm in part, reverse and remand.
Claimant, a 24-year-old woman, first began working for the employer in 1982 cleaning, sorting and polishing silverware. On approximately February 7,1983 she fell while at work, injuring her right knee. She began treatment with Dr. Brandon, an orthopedic surgeon, in December of 1983. Although Dr. Brandon felt that arthrosco-py and surgery were required, he advised claimant that he was unable to perform these procedures until she lost approximately 100 pounds.
In January or February of 1984, the employer informed claimant of the Weight Watchers program and voluntarily offered to pay for her attendance. She failed to take steps toward participating in Weight Watchers at that time. By March 1984, when claimant had still not made progress in her weight loss, Dr. Brandon referred her to Dr. Bone for medical weight loss assistance. Authorization for Dr. Bone and for Weight Watchers was granted by the carrier in April of 1984. On April 27, before claimant was able to see Dr. Bone, her right knee gave way as she was getting into her car, causing her to injure her left knee. She saw Dr. Brandon on April 30 for the second injury, at which time he removed two ounces of fluid from the knee, gave her a brace to wear, and signed a slip indicating she was unable to work.
After the second knee injury, claimant missed work from April 27 to June 14 and was paid temporary disability benefits for that period of time. She apparently returned to work on June 14, as authorized by Dr. Brandon, but testified that she suffered pain and swelling in her knee, was unable to continue work, and left the Breakers on June 24. The evidence presented at the hearing indicates that claimant did not inform anyone at the Breakers that she was leaving on the 24th.
As to claimant’s weight loss progress, she had her first appointment with Dr. Bone on June 5, 1984 and her last on July 12, 1984. Her treatment with Dr. Bone apparently ended when he terminated his practice and left the state of Florida. Although Bone’s records were not placed into evidence, claimant testified that her weight fluctuated from 298 to 318, back to 292 during her five weeks of treatment with Dr. Bone. Approximately two months later, on September 16, 1984, claimant began attending Weight Watchers per the employer/carrier’s authorization. According to claimant’s notes, Weight Watchers indicated she weighed 372 pounds on September 16 and 366 pounds on October 21,1984. The hearing was held on October 29, 1984.
In July of 1984, claimant requested temporary total disability (TTD) and/or temporary partial disability (TPD) benefits for the period from June 27 through July 12, 1984. During the hearing, the claimant and the employer/carrier agreed that the Commissioner would also consider claimant’s request for additional medical care in the form of a weight loss clinic. The Commissioner entered an order denying benefits for the period claimed, denying additional medical care, revoking the carrier’s authorization for Weight Watchers, determining that claimant had reached maximum medical improvement (MMI) as of the date of the hearing, denying attorney’s fees and costs, and assessing costs against the claimant. From the Commissioner’s order, the claimant appeals, alleging error in several respects.
First, appellant alleges the Commissioner erred in denying her claim for weight loss treatment and argues that the Commissioner’s findings that she had not *1059 benefitted from or seriously participated in her weight loss program and was not capable of doing so in the future, were not supported by competent substantial evidence (CSE). We agree.
From Dr. Brandon’s testimony, it is clear that the appellant is in need of knee surgery, and that such surgery is impossible until she loses a substantial amount of weight. The evidence indicates that claimant did make progress, albeit slight, during both periods of weight loss treatment, showing a net loss of six pounds during her five weeks of treatment with Dr. Bone and a net loss of six pounds in five weeks with Weight Watchers. Although it is true that claimant was still overweight at the time of the hearing, we feel that the evidence does not support the Commissioner’s finding that claimant was unsuccessful or that she will not be able to seriously pursue a weight loss program in the future. It must be kept in mind that claimant had only five weeks of weight loss treatment in June and July of 1984 and had been active with Weight Watchers for only five weeks at the time of the hearing—certainly not a long enough period of time for her to have lost a great deal of weight, or to indicate that she would be unsuccessful in the future. Because the evidence does not support the Commissioner’s findings, we reverse as to this issue and remand for the presentation of medical evidence as to the best type of treatment for the claimant and to determine a reasonable time period in which claimant might be expected to lose enough weight to have the necessary surgery.
We also find that the Commissioner erred in determining that claimant had reached MMI as of the date of the hearing. The only evidence presented at the hearing as to MMI was the following statement by Dr. Brandon:
If it is determined that she has given up on the matter of reducing her weight, and if there is no progress, then I would say she has reached MMI.

If she makes the effort and continues to make the effort, then she will—she does deserve the proper surgical treatment some way.
Since the evidence does not support a finding that claimant had “given up,” we find that it was error to conclude that claimant had reached MMI as of the date of the hearing.
Third, we affirm the portion of the Commissioner’s order denying temporary disability benefits for the period between June 14 and July 12, 1984. Although a great deal of conflicting evidence was presented on this issue, there is more than enough CSE to support the Commissioner’s conclusion. The evidence presented at the hearing indicates that claimant was treated by Dr. Brandon and authorized to return to work on June 14, with restrictions. Despite testimony that these restrictions were complied with by the employer, the claimant left work on June 24 without informing anyone of her departure. Dr. Brandon’s medical records indicate he saw claimant again on July 2, at which time he determined that she was able to work, and that he did not excuse her from work until July 12, 1984. As the totality of the evidence indicates claimant was able to work during the period of time in question, we affirm the Commissioner’s findings. See Superior Pontiac v. Hearn, 458 So.2d 1197 (Fla. 1st DCA 1984).
Last, we find that the Commissioner erred in assessing costs against the claimant. Section 440.32, Florida Statutes (1983) provides a Commissioner with the authority to assess costs against a party who institutes or continues a proceeding without “reasonable ground.” Although claimant may not have prevailed before the Commissioner, she had reasonable grounds to institute the action.
Accordingly, the matter is AFFIRMED in part, REVERSED and REMANDED with instructions.
SMITH, J., concurs.
BARFIELD, J., concurs and dissents with opinion.