585 So.2d 401 (1991)
Karlton A. BROWN, Appellant,
v.
STEEGO AUTO PARTS and Liberty Mutual Insurance Company, Appellees.
No. 90-3744.
District Court of Appeal of Florida, First District.
August 27, 1991.
Barbara B. Wagner and C. Randal Morcroft, Deerfield Beach, for appellant.
Anthony J. Beisler III, Fort Lauderdale, for appellees.
WOLF, Judge.
Brown appeals from a final order of the judge of compensation claims (JCC) denying certain benefits. Claimant asserts that the JCC erred in denying claimant's request that a weight-loss program be awarded as a medical benefit. We agree and reverse.
The claimant was injured in a compensable accident on November 26, 1985. The case was settled, leaving open the claimant's right to medical care. The claimant has been under the care of Dr. Gelety, a neurosurgeon, since December 2, 1985, with respect to back problems associated with the accident. Dr. Heffner, an internist, has been treating claimant for diabetes *402 since before the industrial accident. (Claimant had a weight problem prior to the accident and had tried several weight-loss programs unsuccessfully). At the time of the hearing on his request for the award of a weight-loss program, claimant weighed 278 pounds. The testimony of both Dr. Gelety and Dr. Heffner was presented on the issue of the medical necessity of the weight-loss program.
Dr. Gelety testified as follows:
Q. Okay. What I need to know is in your opinion, do you have an opinion with regard to Mr. Brown's need for weight loss management?
A. Yes, I have expressed it in my reports before. I think it's an essential program.
.....
Q. In your opinion, Doctor, is weight loss medically necessary?
A. Yes.
Q. And what effect or benefit do you feel that weight loss would achieve in this man?
A. For one thing I think it would allow him to function better within the limits imposed upon him by the disorders of his lumbar spine.
.....
Q. Would you defer to Doctor Heffner regarding weight loss programs and what would be appropriate?
A. Which program, yes, I would, but not as to the whether or not, only which program.
Dr. Heffner testified as follows:
MR. BEISLER: By industrial, he means that auto accident.
Q. (continued) That auto accident.
A. I don't believe that he did, but you see, I didn't want to get into taking care of the neurological aspect of it, and you know, I really didn't get into that.
.....
Q. That's what we're here about today. We are trying to establish what is necessary for Karlton as far as the weight loss program and whether you feel that that weight loss program is somehow necessary as a result of his industrial accident and the ensuing problems from that condition or 
A. Well, I don't know that it's essentially necessary as a result of the accident, but as a result of his diabetes, he ought to lose weight.
.....
Q. Maybe the term medically necessary is too strong. Do you recommend weight loss at this time?
A. Yes I do. I recommend that for any diabetic who is overweight.
Q. The next question is whether or not it is necessary entirely because of the diabetic condition, or do you feel that some of that need for the weight loss is also related to the findings related to the industrial accident?
A. Well, I don't know what the findings are related to his industrial accident, except that he told me he had a C4 and 5  4 and 5 and L4 and 5 or something like that that were herniated and operated on, so hence, he's got no reflexes.
Yes. I think that anybody who is having problems neurologically does better if they can lose a little weight; but I don't think that it would effect [sic] it markedly.
Based upon this testimony, the JCC noted in his final order that Dr. Gelety had deferred to Dr. Heffner to decide what weight-loss program was "reasonable or necessary for the claimant." He further noted that claimant had been obese prior to the accident and that Dr. Heffner said while the "weight loss program is necessary for the claimant," it was as a result of "his diabetes and not as a result of his industrial accident." The JCC found that there was no "competent substantial evidence to support the claim that as a result of the industrial accident that claimant needs to be in a weight loss program." The JCC has either misinterpreted the testimony or misapplied the law.
Treatment for a condition which preexists an industrial accident may be awarded pursuant to section 440.13(2)(a), Florida Statutes, if it would aid in the recovery *403 from the accident. Jordan v. Florida Indus. Comm'n, 183 So.2d 529 (Fla. 1966). The test for when medical benefits may be awarded is whether the award would improve the condition caused by the accident or would aid in the recovery from the accident. Polk County Bd. of County Comm'rs v. Varnado, 576 So.2d 833 (Fla. 1st DCA 1991). Thus, a weight-loss program which would alleviate pain resulting from the industrial accident may be properly awarded as a medical benefit even if the need for the program preceded the accident. Verdi's Italian Restaurant v. Campanella, 423 So.2d 582 (Fla. 1st DCA 1982).
The issue in the instant case is whether the JCC misinterpreted the testimony or misconstrued the law regarding the medical necessity of the weight-loss program. Such a misinterpretation of testimony by a JCC may result in legal error. Thomas v. Salvation Army, 562 So.2d 746 (Fla. 1st DCA 1990).
Dr. Gelety's testimony constituted competent substantial evidence to support such an award. Dr. Gelety specifically did not defer to Dr. Heffner concerning the necessity for the weight-loss program. The neurosurgeon testified that the weight-loss program was medically necessary as a result of the neurological problems related to the industrial accident. In fact, it was Dr. Heffner who deferred to Dr. Gelety for treatment of the neurological problem. The JCC's findings concerning the lack of competent evidence to support an award clearly involved either a misinterpretation of this testimony or misconstruction of the law.
We, therefore, reverse and remand with directions that the JCC enter an order authorizing the weight-loss program as a medically necessary benefit.
WIGGINTON, J., and WENTWORTH, Senior Judge, concur.