595 So.2d 60 (1991)
Paul URBAN, Appellant,
v.
MORRIS DRYWALL SPRAY, et al., Appellees.
No. 91-415.
District Court of Appeal of Florida, First District.
November 20, 1991.
Harvey Kaufman, West Palm Beach, for appellant.
David A. Danielson, Danielson, Clarke & Pumpian, P.A., West Palm Beach, and Diane H. Tutt, Ft. Lauderdale, for appellees.
PER CURIAM.
In this worker's compensation case, claimant Paul Urban appeals the order of the judge of compensation claims (JCC) finding claimant's diabetes not causally related to his compensable work-related injuries and finding claimant not entitled to compensation for treatment of his diabetic condition. On appeal, claimant argues first that there exists no competent, substantial evidence to support the JCC's finding that claimant's diabetic condition was not causally related to his compensable accident. Next, claimant argues that even if his diabetes is not causally related to his compensable injuries, claimant is entitled to that diabetes treatment necessary to the effective treatment of his compensable injuries. As to claimant's first argument, we find competent substantial evidence to support the JCC's finding that claimant's diabetes is not causally related to his workplace accident. As to claimant's second argument, however, we reverse, finding claimant entitled to that diabetes treatment necessary to the effective treatment of his compensable injuries.
Claimant was operating a truck in the course of employment with appellee Morris Drywall Spray, when on August 2, 1987 he was involved in a motor vehicle accident. Claimant's primary care physician, Dr. Greer, diagnosed claimant as suffering from cervical sprain or strain and contusions of the lumbar spine. Dr. Greer prescribed analgesics, muscle relaxants and a *61 steroid as well as physical therapy. The doctor observed that claimant was not responding well to treatment when ophthalmologist Robert L. Bentz diagnosed claimant as having diabetic retinopathy, an eye condition found in persons suffering from diabetes. Further tests confirmed that claimant was suffering from diabetes. Dr. Greer attributed claimant's lack of improvement to his diabetes, stating that an excess of sugar in the body interferes with the body's normal healing processes.
Following the accident, claimant received temporary total disability benefits from the employer/carrier (e/c) from August 4, 1987 to February 29, 1988. Mr. Urban was found to have attained maximum medical improvement (MMI) from his compensable injuries as of March 24, 1988, with a 12% impairment rating. On July 25, 1989, claimant submitted a claim for temporary total, temporary partial, and/or wage loss benefits from April 1, forward, and past and future medical care for diabetes, interest, costs, penalties and attorney's fees. The e/c filed notice to controvert claimant's treatment for diabetes as not causally related to the workplace accident. A hearing on the controverted claim was held on May 11, 1990.
As a result of the hearing, the JCC issued an order and an amended order, the combined effect of which was to provide claimant with temporary partial disability (TPD) benefits from March 1, 1988 to March 24, 1988, wage loss benefits from March 25, 1988 to April 30, 1990, and to reserve jurisdiction to determine entitlement to wage loss benefits due after April 30, 1990. The JCC also determined that claimant should be provided with continued treatment by an orthopedist for his musculoskeletal injuries.
Because of the conflicting testimony as to whether claimant's diabetes was causally related to the compensable accident, the JCC solicited the opinion of Dr. Garland, an internist and endocrinologist. Dr. Garland expressed the opinion that claimant's high blood sugar may have been temporarily elevated by stress associated with the accident and the steroid medication prescribed by Dr. Greer, but concluded that claimant's diabetic condition antedated the accident. Adopting Dr. Garland's opinion, the JCC issued another order finding the e/c not responsible for any additional past or future treatment of the diabetic condition.
Where a preexisting condition is aggravated by a compensable accident, the exacerbation of the preexisting condition is itself compensable. Castro v. Florida Juice Division, 400 So.2d 1280 (Fla. 1st DCA 1981); I Larson, Workmen's Compensation Law, § 13.11(b). In the instant case, although there was some dispute as to whether claimant's diabetes was causally related to his compensable accident, there was no dispute that claimant's diabetic condition was aggravated, if only slightly, by the treatment for his compensable injuries or by stress associated with the accident. Claimant is, therefore, entitled to compensation for treatment of his exacerbated diabetic condition at least to this minor extent.
Moreover, a claimant may be awarded treatment for a preexisting medical condition which is not directly related to a compensable injury if that condition interferes with or retards recovery from the compensable injury. Jordan v. Florida Industrial Comm'n, 183 So.2d 529 (Fla. 1966); Primous v. Flagler Systems, Inc., 477 So.2d 1057 (Fla. 1st DCA 1985); I Larson, Workmen's Compensation Law, § 13.11(b) n. 11. In the present case, there is record evidence to suggest the necessity of treating claimant's diabetic condition in order to render effective treatment of claimant's compensable injuries. If such is the case, we hold that claimant is entitled to that treatment of his diabetic condition necessary for effective treatment of his compensable injuries. It will, however, be necessary for the JCC to make specific findings as to whether such diabetes treatment was indeed a necessary adjunct to the treatment of claimant's compensable injuries. If such is the case, claimant is entitled to compensation for his diabetes treatment not only for the limited period in which his diabetic condition was exacerbated, but for the period in which stabilization *62 of the diabetes was necessary to assist claimant in attaining maximum recovery from his compensable injuries. Thus, we remand the case to the JCC for further findings consistent with this opinion.
REVERSED and REMANDED with instructions.
SMITH and MINER, JJ., and WENTWORTH, Senior Judge, concur.