PER CURIAM.
Sonja Wolfe appealed an order unfavorable to her on a claim for workers’ compensation benefits. That appeal has been assigned case number 92-2246 by this court. She petitioned the Judge of Compensation Claims to be relieved of cost in accordance with section 440.25(4)(b), Florida Statutes (1991) and Florida Workers’ Compensation Rule of Procedure 4.180(g)(2).[1] Wolfe’s petition was granted in part and the Department of Labor and Employment Security, Workers’ Compensation Administration Trust Fund, took a timely appeal from the order. The department’s notice of appeal represents that it will argue that Wolfe should pay the entire cost of the record for the appeal in case number 92-2246.
Wolfe moves for dismissal of this appeal, arguing that the department’s proper remedy is by motion in case number 92-2246. The department opposes dismissal, arguing that it is not a party to the merits appeal and does not desire to so appear. It points out, correctly, that case number 92-2246 cannot proceed until the issue presented by the department is resolved.
We find the department’s arguments to be unpersuasive. As a threshold matter, we find no authority for the appeal-ability of the order. It is neither a final order nor a non-final order for which review is authorized by Rule 4.160(b). More importantly, rule and statutory authorities clearly point to the conclusion that the department’s appropriate remedy, if any, is to file a motion in case number 92-2246. Although the workers’ compensation rules themselves are silent on the question, Florida Rule of Appellate Procedure 9.430 provides that review of orders on an insolvent party’s right to proceed without payment of costs shall be by motion. Where the workers’ compensation rules do not cover a procedural matter relating to appeals, the Florida Rules of Appellate Procedure apply. Brannon v. Marion County Sheriffs Office, 391 So.2d 253 (Fla. 1st DCA 1980). Workers’ compensation rule 4.166(b) permits the Division of Workers’ Compensation of the Florida Department of Labor and Employment Security to intervene and “take positions on any relevant matters” in an appeal to this court. Section 440.271, Florida Statutes, expressly provides for notice to the division[2] of proceedings relating to indigency and authorizes the division’s intervention in appeals. We also note that the filing of a separate appeal on the issue of indigency would substantially delay resolution of the merits appeal. Such delays should be avoided where possible. See Fla. Stat. § 440.015.
In light of the above, it must be concluded that if the Department of Labor and Employment Security, acting through either the Division of Workers’ Compensation or the Workers’ Compensation Administration Trust Fund, wishes to challenge a determination that a claimant is entitled to proceed on appeal without payment of costs, the appropriate remedy is by motion in the merits appeal. Accordingly, we dismiss this appeal for lack of jurisdiction but without prejudice to the appellant’s right to seek to intervene and file a motion for review in case number 92-2246.
APPEAL DISMISSED.
JOANOS, C.J., and ZEHMER and BARFIELD, JJ., concur.

. Amendments to Florida Rules of Workers’ Compensation Procedure, 603 So.2d 425, 448 (Fla.1992). References to the workers’ compensation rules in this opinion are to these amended rules which were effective on May 14, 1992.

. The Workers’ Compensation Administration Trust Fund is administered by the division, see section 440.50(l)(a), Florida Statutes (1991).