614 So.2d 598 (1993)
Kenneth Wayne HEWETT, Appellant/Cross Appellee,
v.
TOWN OF MAYO, State of Florida, and United States Fidelity & Guaranty Co., Appellees/Cross Appellants.
No. 91-3396.
District Court of Appeal of Florida, First District.
February 17, 1993.
*599 Paul D. Srygley, Tallahassee, for appellant/cross appellee.
Edward S. Mallow, David A. McCranie of McConnaughhay, Roland, Maida, Cherr & McCranie, P.A., Jacksonville, for appellees/cross appellants.
ERVIN, Judge.
Appellant, Kenneth Wayne Hewett, who was the claimant below, appeals from a workers' compensation order in which the judge of compensation claims (JCC) found him to be at maximum medical improvement (MMI) with no permanent impairment (PI) as of February 9, 1990, and denied wage loss (WL) benefits after February 9, 1990, due to his lack of PI. In that same order, however, the JCC also directed the employer/carrier (E/C) to provide claimant with a weight reduction program so that "significant evaluation" could be made of claimant's neck and back problems, and held appellant's claim for orthopedic evaluation and/or treatment "in abeyance pending reduction of claimant's weight sufficient to conduct a proper examination." We conclude that the order contains internal inconsistencies and therefore reverse and remand for clarification.
MMI is the date after which no recovery or improvement can be reasonably anticipated. Kirkland v. Harold Pratt Paving, Inc., 518 So.2d 1320, 1323 (Fla. 1st DCA 1987), review denied, 525 So.2d 878 (Fla. 1988). There is competent, substantial evidence in the form of Dr. Mouat's testimony to sustain the JCC's finding of MMI with no PI. Dr. Mouat testified that MRIs were taken of claimant's neck and back in January and February 1990, and that such tests showed only mild wear and tear and arthritic change not associated with the industrial accident. He opined that claimant was at MMI on February 9, 1990, that no restrictions were required, and that he could not define any impairment under the AMA Guides. If the JCC had merely adopted Dr. Mouat's testimony and denied all appellant's claims, we would be required to affirm.
The problem in this case arises because the JCC, while determining claimant to be at MMI with no PI, inconsistently found that before "significant evaluation" of claimant's neck and back problems could occur, claimant needed to be placed on a weight reduction program. Moreover, the JCC held appellant's claim for orthopedic evaluation and/or treatment "in abeyance pending reduction of the claimant's weight sufficient to conduct a proper examination." The JCC's conditional approval of further evaluation and treatment undermines his determination of MMI in that if no recovery or improvement can reasonably be anticipated, we cannot understand why the JCC ordered weight loss treatment for the purpose of evaluating claimant's condition and refused to rule upon the claim for orthopedic evaluation or treatment.[1]
Based upon these inconsistencies, we reverse and remand for reconsideration of *600 MMI and PI, entitlement to either temporary total disability or WL benefits, and whether weight loss is medically necessary for remedial treatment or for palliative care. See Woods v. Greater Naples Care Ctr., 406 So.2d 1172 (Fla. 1st DCA 1981) (reversing and remanding order that was internally inconsistent regarding date of MMI and percentage of PI), review denied, 413 So.2d 876 (Fla. 1982); Department of Offender Rehab. v. Godwin, 394 So.2d 1091 (Fla. 1st DCA 1981) (reversing and remanding order containing inconsistent finding with regard to MMI and breaking point between temporary and permanent benefits).
Based upon our disposition of the issue appellant raised, it is unnecessary to consider the issue the E/C raised on cross appeal, i.e., whether the JCC erred in awarding the weight loss program under the circumstances. We do note, however, that weight loss programs can be awarded as either a form of treatment or as palliative care. See, e.g., Brown v. Steego Auto Parts, 585 So.2d 401 (Fla. 1st DCA 1991); Primous v. Flagler Sys., Inc., 477 So.2d 1057 (Fla. 1st DCA 1985); Verdi's Italian Restaurant v. Campanella, 423 So.2d 582 (Fla. 1st DCA 1982).
REVERSED and REMANDED.
BOOTH and WEBSTER, JJ., concur.
NOTES
[1] In ordering the weight reduction program, the JCC recited Dr. Mouat's testimony that a possibility existed of the presence of disk disease, but that such was difficult to evaluate due to claimant's obesity, and that the program would be helpful in order to obtain adequate cross-sectional x-ray studies of claimant's neck and back. This testimony may be inconsistent with a determination of MMI. In any event, the JCC's clarification of his order in this regard is necessary.