634 So.2d 718 (1994)
Paul URBAN, Appellant,
v.
MORRIS DRYWALL SPRAY TEXTURES, et al., Appellees.
No. 92-4352.
District Court of Appeal of Florida, First District.
March 21, 1994.
Rehearing Denied May 4, 1994.
*719 Harvey Kaufman, Palm Beach Gardens, for appellant.
Daniel A. Danielson, Danielson, Clarke, Pumpian & Ford, P.A., West Palm Beach and Diane H. Tutt, Diane H. Tutt, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
In this workers' compensation appeal, claimant, Paul Urban, appeals the order of the judge of compensation claims (JCC) denying his claim for wage loss benefits, permanent total disability (PTD) benefits, and authorization of medical treatment. Claimant raises three issues: (1) whether there exists competent, substantial evidence to support the JCC's finding of no causal relationship between claimant's industrial accident, vertigo and wage loss; (2) whether the JCC erred in failing to award PTD benefits; and (3) whether the JCC erred in denying medical treatment for his diabetes. We reverse on issue one, affirm on issue two without further comment, and reverse in part on issue three.
In a prior decision of this court, we found that claimant suffered compensable neck and back injuries while employed by appellee Morris Drywall Spray. Urban v. Morris Drywall Spray, 595 So.2d 60 (Fla. 1st DCA 1991). During the course of treatment it was discovered that claimant suffered from diabetes which was aggravated to some minor extent by the compensable accident. This court found claimant's diabetes compensable insofar as it was aggravated by the accident. Id. at 61. Furthermore, the court found claimant entitled to treatment for his diabetes to the extent that such treatment was "necessary to assist claimant in attaining maximum recovery from his compensable injuries." Id. at 61. The case was remanded for further findings in this regard. On remand, the JCC reconsidered testimony from the original hearing prior to the appeal as well as new testimony. The JCC also heard Mr. Urban's claim for wage loss benefits and PTD benefits.
With respect to the wage loss issue, claimant argues that the JCC erred in denying his claim because no competent, substantial evidence was presented to refute Dr. Greer's earlier opinion that the industrial accident resulted in claimant's vertigo.[1] Claimant further argues that the JCC's present order finding no causal relationship between claimant's compensable accident and his vertigo is inconsistent with her prior order and precluded by the doctrine of res judicata. We agree on both points. Having reviewed the testimony of the various medical experts, we find evidence that claimant's dizziness is not caused by his diabetes, and is not necessarily related to his orthopedic problem, but no testimony to refute Dr. *720 Greer's earlier testimony that the accident caused claimant to suffer a basilar vascular insufficiency (decreased blood supply to the brain) resulting in symptomatic dizziness. Furthermore, we reject the employer/carrier's argument that the JCC's finding is not precluded by res judicata because the present wage loss claim concerns a different period of time than that which was previously litigated. It is true that a determination of the causal connection between wage loss and a compensable condition may be a recurring question not barred by res judicata, for example, where the determination focuses on the continuing adequacy of the claimant's job search. In the instant case, however, the determination of the claim for wage loss benefits focused solely on the medical question of the causal relationship between the accident and claimant's symptoms of dizziness. There being no indication that this question was anything other than the same one decided earlier, the e/c is precluded from rearguing the issue under the doctrine of res judicata.[2] See Nelson & Co. v. Holtzclaw, 566 So.2d 307, 309 (Fla. 1st DCA 1990).
As to the claim for ongoing treatment of claimant's diabetes, both parties to this appeal and the JCC have misconstrued our prior opinion. Our prior holding required that absent testimony to refute Dr. Greer's opinion that claimant's diabetes interfered with his normal healing process (no such testimony was presented on remand), the JCC should award medical treatment for claimant's diabetes through the date of maximum medical improvement, March 24, 1988. We therefore direct the JCC to award claimant payment for his diabetes treatment through March 24, 1988.
AFFIRMED in part, REVERSED in part, and REMANDED for entry of an order consistent with this opinion.
MINER, KAHN and LAWRENCE, JJ., concur.
NOTES
[1] In her order which was the subject of the prior appeal, the JCC found, inter alia, that:

Dr. Greer testified that claimant was capable of returning to work with restrictions, and that he would have difficulty walking and driving because of vertigo and ataxia... . Dr. Greer's testimony shows that claimant was left with restrictions as a result of the accident. Based on these restrictions as well as the testimony of the claimant (who I felt was credible), I find the claimant is entitled to ... temporary partial ... wage loss benefits.
[2] Our decision would not preclude the e/c from challenging a claim for subsequent periods of wage loss benefits for other appropriate reasons.