639 So.2d 155 (1994)
SOUTHEAST RECYCLING and Argonaut Insurance Company, Appellants,
v.
Paula COTTONGIM, Appellee.
No. 93-798.
District Court of Appeal of Florida, First District.
July 5, 1994.
*156 Vivian M. Reeves of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellants.
John D. Kaylor of Kaylor & Kaylor, Winter Haven, Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
SMITH, Judge.
The employer/carrier (E/C) appeal an order of the judge of compensation claims (JCC) determining that claimant has yet to reach maximum medical improvement (MMI) and ordering chiropractic evaluation and treatment. We reverse.
On September 15, 1990, claimant suffered a torn medial meniscus of the left knee while working for the employer unloading paper for recycling. She remained employed until January 20, 1991, when she was laid off because the employer did not have any more light duty work. She was subsequently examined by Dr. Bertram, who recommended arthroscopic surgery. However, claimant is afraid to have surgery. The doctor opined that with surgery claimant would be left with a 2 percent impairment rating, but without surgery, her rating would increase to 4 percent. The doctor testified that if the claimant elected not to have surgery, no other type of treatment, including palliative treatment, was necessary. Absent surgery, the doctor opined that claimant reached MMI on September 16, 1991.
With the exception of a part-time job delivering newspapers, claimant has not returned to work. The E/C paid claimant 27 weeks of wage loss benefits[1] subsequent to Dr. Bertram's MMI date of September 16, 1991.
Claimant filed a claim for further benefits, which included an item for further medical treatment under the supervision of an orthopedic surgeon. However, at the final hearing, claimant's counsel stated the claim for medical treatment "has been satisfied." Instead, the issues submitted to the JCC were the degree of claimant's permanent impairment, which would determine the amount of wage loss benefits for which she was qualified, and whether her refusal of surgery was reasonable. It was the E/C's position that her fear of surgery was unreasonable, that she was therefore limited to a 2 percent rating, and that the E/C had paid her all the *157 benefits to which she was entitled. On the other hand, it was claimant's position that her fear of surgery was reasonable, she was entitled to a 4 percent impairment rating, and that she was therefore entitled to another 26 weeks of benefits.
The final hearing was brief; only the claimant and a manager for the employer gave live testimony. The JCC, sua sponte, raised the advisability of providing chiropractic care for claimant. No witness (medical or lay) testified that chiropractic treatment of claimant would be reasonable, or that it would be medically necessary.
The JCC ruled that the claimant's fear of surgery was reasonable. Although he accepted Dr. Bertram's testimony on claimant's impairment, he rejected Dr. Bertram's opinion that claimant had reached MMI. The JCC was of the view that the rating given was a minimum, and that the full extent of claimant's impairment could not be determined until she reached MMI. Based upon the premise that claimant had not examined alternative methods of treatment other than surgery, the JCC found that claimant was entitled to alternative care in the form of chiropractic examination and treatment. He therefore reinstated temporary partial wage loss benefits from the date benefits were discontinued, and ordered continuation during claimant's entitlement to this class of benefits.
The E/C argue on appeal that the JCC was required to determine MMI based upon the record presented and was without discretion to disregard the medical evidence on this issue, and that the JCC was without authority to order chiropractic care, which was neither requested nor medically necessary. We agree with these arguments.
Addressing first the award of chiropractic care, we note that a JCC may not sua sponte raise an issue, such as the need for chiropractic care, based upon his own personal beliefs in the matter, where there is no conflict in the medical evidence and no evidence demonstrating good cause for change of medical treatment. Central Oil Co. v. Campen, 390 So.2d 191 (Fla. 1st DCA 1980).
Due process concerns preclude a ruling on matters which have not been placed at issue, since the parties are entitled to notice so that they may fairly present their case. Florida Power Corp. v. Hamilton, 617 So.2d 333, 334 (Fla. 1st DCA 1993). An order that is not in accord with the understanding with which the workers' compensation hearing was undertaken and participated in is a denial of due process and must be reversed. Munroe Memorial Hospital v. Thompson, 388 So.2d 1338 (Fla. 1st DCA 1980). A JCC should not award benefits which are beyond the scope of the hearing. Kaplan Industries, Inc. v. Rowlett, 565 So.2d 404 (Fla. 1st DCA 1990). While it is true that a matter may be placed at issue by the presentation of evidence specifically directed to the dispute, thereby preventing a due process challenge to any subsequent order adjudicating such dispute, in this case there was no evidence presented on the need for chiropractic care and treatment, and the scope of the hearing was not expanded to permit adjudication of this issue. Florida Power Corp. v. Hamilton, 617 So.2d at 334.
Based solely upon his personal opinion that claimant might be benefited by chiropractic evaluation and treatment, the JCC found claimant not at MMI, and thus failed to resolve the permanent impairment issue. While there are instances in which a JCC may lawfully decline to rule upon MMI, the JCC's well-intentioned order in this case declining to find MMI until alternatives to surgery were explored is without evidentiary or legal support. The claimant withdrew her claim for alternative medical treatment at the final hearing, and the issue of chiropractic treatment  or for that matter the likelihood of success of any other modalities of treatment  was not tried by consent of the parties.
MMI is essentially a medical question. Shop & Go, Inc. v. Hart, 537 So.2d 667 (Fla. 1st DCA 1989). The medical evidence in this case did not suggest a need for alternative methods of treatment.[2] The only medical *158 evidence on point is Dr. Bertram's opinion that if the claimant elected not to have surgery, no other type of treatment was necessary.
Claimant's reliance upon Hewett v. Town of Mayo, 614 So.2d 598 (Fla. 1st DCA 1993) for the proposition that the JCC correctly determined that claimant has not reached MMI is misplaced. In that case, the JCC inconsistently determined that the claimant was at MMI with no permanent impairment while at the same time the JCC commented that before significant evaluation of claimant's neck and back problems could occur, claimant needed to be placed on a weight reduction program. Unlike the situation in this case, the treating physician in Hewett gave testimony which indicated that it was difficult to determine the presence of disk disease because of the claimant's obesity, and that a weight reduction program would be helpful in order to obtain adequate cross sectional x-ray studies of claimant's neck and back.
For the foregoing reasons, the JCC's order is REVERSED, and the cause is REMANDED for proceedings consistent with this opinion.
MINER, J., and PHILIP J. PADOVANO, Associate Judge, concur.
NOTES
[1] Under section 440.15(3)(b)4d(I), Florida Statutes (Supp. 1990), for injuries occurring after June 30, 1990, the claimant has 26 weeks of eligibility for wage loss benefits for permanent impairment ratings up to and including 3 percent. This increases to 52 weeks of eligibility for permanent impairment ratings greater than 3 and up to and including 6 percent. Section 440.15(3)(b)4d(II).
[2] We have not overlooked the fact that one doctor mentioned that claimant could lose some weight. This gratuitous remark is not the equivalent to a well-reasoned medical opinion that a weight reduction program should be engaged in to afford either remedial or palliative relief.