KAHN, Judge.
Appellee Rita Brewer sought and obtained workers’ compensation benefits for right and left side carpal tunnel syndrome. We reverse and remand because the compensation order entered by the judge of compensation claims (JCC) contains no findings relative to the compensability of carpal tunnel syndrome in Brewer’s left wrist.
Brewer sought compensation for right and left carpal tunnel syndrome, alleged to be causally related to her work as a sales associate at an Orlando Wal Mart. Several days after the merits hearing, JCC Charles C. Hurt issued a letter ruling making three enumerated findings:
1) Claimant had preexisting conditions of bilateral carpal tunnel syndrome whose etiology is unknown.
2) During an accident in which the claimant suffered various injuries, she suffered a blow to her right hand which aggravated her preexisting condition to the point which requires surgery. I find that the current condition of her right hand is thus related to her industrial accident and thus compensable ...
3) Claimant is entitled to all the medical expenses she has incurred in relation to treatment of her right arm and hand and is entitled to the future expenses due to her injury.
The JCC requested claimant’s lawyer to prepare an order. After receipt of the proposed order, counsel for Wal Mart objected, pointing out that the order “makes both the left side and the right side compensable.” The JCC scheduled a conference hearing and af-terwards signed an order finding compensa-bility as to the right side only. After an exchange of correspondence between the lawyers, and yet another hearing, the JCC vacated the first compensation order and entered a new one. The new order made factu *265 al findings identical to the vacated order; the decretal portion, however, awarded compensation for left carpal tunnel syndrome. None of the findings address the causation issue for the left side.
Neither the original order nor the order on appeal elucidate any of the expert testimony or theories under which Brewer sought compensation for the left side. We are thus constrained by the following pronouncement of our supreme court:
We have many times stressed the importance of adequate factual findings as an essential element of the deputy’s order. Section 440.25(3)(c), Florida Statutes, FSA (now section 440.25(3)(e), Florida Statutes (1993)), makes it clear that the order shall contain “a statement of the findings of fact and other matters pertinent to the questions at issue.... ”
In Hardy v. City of Tarpon Springs, Fla., 81 So.2d 503, and numerous other decisions we have discussed at length the importance of this statutory requirement. In view of the significant weight accorded the conclusions of the deputy, it is essential to a review of his order that the full Commission and this Court be informed of his ultimate factual findings. We do not review the evidence to formulate a set of factual findings. Rather, we look to the findings of the deputy and then review the record to ascertain whether such findings are supported by competent substantial evidence. Waite v. City of Miami Beach, Fla., I38 So.2d 498; Hardy v. City of Tarpon Springs, supra.
Garcia v. Continental Vending Machines, Inc., 176 So.2d 329, 330 (Fla.1965) (e.s.).
A worker’s compensation order needs that degree of specificity necessary to enable the court to determine how the JCC reached a particular conclusion. Trujillo v. Southern Wine & Spirits, 525 So.2d 481 (Fla. 1st D.C.A.1988); see also Mobley v. Fulford Van & Storage, 390 So.2d 426, 428 (Fla. 1st D.C.A.1980) (“[I]t is the function of the order to provide at least an outline of the essential facts pointing toward the decision ultimately reached ... ”).
The record supports the JCC’s ruling of compensability for the right side based on a blow to the right hand. We decline to reach the argument raised by appellants that competent substantial evidence will not support a finding of compensability for left carpal tunnel syndrome. The required practice is to remand this matter for proceedings comporting with the requirements of the case law reviewed above.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD and VAN NORTWICK, JJ., concur.