656 So.2d 1374 (1995)
TOWN OF JUPITER and McCreary Corporation, Appellants,
v.
Kathleen ANDREFF, Appellee.
No. 94-2771.
District Court of Appeal of Florida, First District.
July 13, 1995.
*1376 Neil J. Hayes, West Palm Beach, for appellants.
Lawrence M. Kukey, Palm Beach Gardens, for appellee.
KAHN, Judge.
Kathleen Andreff, the claimant in this workers' compensation case, sustained an injury on May 28, 1993, when she fell and struck her jaw on a shelf while working as a secretary for the Jupiter Police Department. After the accident, appellants referred Andreff to Dr. Jack Goldberg for treatment. On July 29, 1993, Andreff also began treating with Dr. Craig Lichtblau, a physiatrist. Dr. Lichtblau eventually referred Andreff to Dr. Ignacio Magana, a neurosurgeon, for evaluation of her diagnosed disc herniation. Dr. Magana recommended surgery at the C5-6 level. On May 16, 1994, the employer/carrier (E/C) sent Andreff to Dr. Jordan Grabel, a neurosurgeon, for an independent medical examination. Dr. Grabel was reluctant to advise surgical intervention and recommended that Andreff undergo a new MRI scan of the cervical spine. Following another MRI of the cervical spine, Dr. Grabel determined that Andreff was not a surgical candidate.
On July 8, 1994, Andreff filed a claim for neck surgery to be performed by Dr. Magana. On July 18, 1994, the judge of compensation claims (JCC) heard Andreff's Motion for Emergency Conference, made pursuant to Rule 4.112, Florida Rules of Workers' Compensation Procedure, and an emergency conference took place on July 25, 1994. At the conference, Andreff requested, for the first time, that the matter be heard pursuant to section 440.25(4)(h), Florida Statutes (Supp. 1994),[1] as the JCC would then have the authority to order the requested care. The E/C objected because the hearing was originally noticed pursuant to Rule 4.112. The JCC, however, determined that this constituted an appropriate case for disposition under the new statutory section. The JCC then ordered the E/C to authorize a cervical myelogram, post-myelogram CT scan, and EMG to be performed by Dr. Magana. The JCC further ordered the E/C to authorize the requested surgery if, after the tests are concluded, Dr. Magana wishes to perform the surgery. Following a rehearing held pursuant to the E/C's motion, the E/C appealed from the JCC's order. We reverse.
*1377 As a threshold issue, appellants argue that section 440.25(4)(h) is substantive and thus should not apply in this case. This statute allows a JCC to convene an emergency conference where a bona fide emergency exists and the emergency conference may result in the entry of an order or the rendering of an adjudication by the JCC. Contrary to appellants' assertion, this statute does not impact substantive rights or statutory entitlement to benefits. Cf. Meek v. Layne-Western Co., 624 So.2d 345, 347-48 (Fla. 1st DCA 1993) (1990 amendments changing amount of benefits claimant may receive are substantive and should not be applied retroactively); Paulk v. School Bd. of Palm Beach County, 615 So.2d 260, 261 (Fla. 1st DCA 1993). Rather, it alters the process by which a JCC makes a determination of the parties' rights. See Bell v. University of Fla., 652 So.2d 460, 461 (Fla. 1st DCA 1995) (amendment reducing the time in which E/C must pay benefits from thirty days to seven days was remedial enactment and, similar to procedural amendments, applies without regard to date of accident). Indeed, this court recently explained the purpose of this newly amended statute:
The direct and unambiguous language of this paragraph manifests a clear purpose to make benefits available to an injured employee as soon as possible whenever the judge of compensation claims determines in a particular case that "a bona fide emergency involving the health, safety, or welfare of an employee" exists that requires immediate adjudication of one or more claims for benefits. Subsection 440.25(4)(h) empowers the judge to adjudicate such claim pursuant to an abbreviated conference or hearing and, upon making a finding that a bona fide emergency exists, to enter an order awarding or denying such claim for emergency benefits.
Bradley v. The Hurricane Restaurant, 652 So.2d 443 (Fla. 1st DCA 1995) (emphasis added) (court determined that an order entered pursuant to this section constitutes a final order subject to appellate review). The statute is therefore procedural and applies to any case pending on or after its effective date.
Appellants further argue that, because the statute allows a JCC to convene a hearing that could result in the entry of an order and contains no notice requirement, the statute is facially unconstitutional as a violation of due process. Although the statute allows an emergency conference to take place "without written notice," it does not provide that a hearing may be scheduled without any notice to the parties. Due process requires notice, but it does not require written notice. See Southeast Recycling v. Cottongim, 639 So.2d 155, 157 (Fla. 1st DCA 1994); Florida Power Corp. v. Hamilton, 617 So.2d 333, 334 (Fla. 1st DCA 1993); Munroe Mem. Hosp. v. Thompson, 388 So.2d 1338, 1339 (Fla. 1st DCA 1980). Accordingly, given the purpose of the statute, it requires reasonable notice based on all the circumstances. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950); Dawson v. Saada, 608 So.2d 806, 808 (Fla. 1992). Such notice should contemplate all factors involved and should be conveyed in a manner reasonably calculated to facilitate the ability of the opposing party to appear and be heard. Further, reasonable notice should include actual notice to the opposing party of the nature of relief being sought by the moving party as well as some indication of the witnesses to be called and the evidence to be utilized to prove entitlement to relief. Absent an abuse of discretion, this court will not disturb a finding by the JCC that reasonable notice was given in a particular case.
In addition, the scope of the conference convened pursuant to section 440.25(4)(h) is limited to the scope of the emergency situation involved. If an emergency conference results in the entry of an order awarding benefits, the JCC should include a finding, based on competent substantial evidence, that an actual emergency exists and state sufficient facts to support this finding. See Wal Mart Stores, Inc. v. Brewer, 648 So.2d 264, 265 (Fla. 1st DCA 1995); Harrison v. Florida State Hosp., 631 So.2d 318, 318 (Fla. 1st DCA 1994); Perez v. Tropicana Prods., Inc., 496 So.2d 967, 968 (Fla. 1st DCA 1986); University of Fla. v. Green, 395 So.2d 258, 259 (Fla. 1st DCA 1981).
*1378 Appellants also assert that, in this case, the application of section 440.25(4)(h) resulted in a violation of due process. Appellants concede that they had notice of the claimant's intent to have an emergency conference, but allege that because the claimant originally requested the hearing pursuant to Rule 4.112, Florida Rules of Workers' Compensation Procedure, it did not have notice of the claimant's intent to have a hearing pursuant to section 440.25(4)(h). We agree and reverse on this point.
Parties are entitled to notice so that they may fairly present their case. See Southeast Recycling, 639 So.2d at 157; Florida Power, 617 So.2d at 334. In this case, the claimant made her Motion for Emergency Conference pursuant to Rule 4.112. Rule 4.112, entitled "Emergency Conferences," provides as follows:
The judge of compensation claims may require the appearance of the parties and counsel on less than 15 days' written notice as otherwise required by these rules and by chapter 440, Florida Statutes, only to consider the reasonableness and medical necessity of proposed medical treatment when there is a bona fide emergency involving the health or safety of an employee. The parties may agree to consider other issues at an emergency conference. An emergency conference under this rule shall be advisory in nature, shall not constitute a hearing for any purpose, and shall not result in the entry of an order or the rendering of an adjudication by the judge of compensation claims. No other emergency conference or hearing is permitted by these rules.
(emphasis added). As the underlined portion indicates, a conference convened pursuant to Rule 4.112, in contrast to one convened pursuant to section 440.25(4)(h), cannot result in the entry of an order or the rendering of an adjudication by a JCC. See § 440.25(4)(h), Fla. Stat. (Supp. 1994) ("An emergency conference under this section may result in the entry of an order or the rendering of an adjudication by the judge of compensation claims"). The Notice of Hearing in this case does not reference either the rule or the statute. The E/C thus did not know that the emergency conference would take place pursuant to section 440.25(4)(h), rather than Rule 4.112, and therefore did not have reason to anticipate that a final order could be entered following the conference. "An order that is not in accord with the understanding with which the workers' compensation hearing was undertaken and participated in is a denial of due process and must be reversed." Southeast Recycling, 639 So.2d at 157; see Thompson, 388 So.2d at 1339. Consequently, because the E/C did not receive reasonable notice, the JCC's consideration of Andreff's request for a hearing pursuant to the rule as one pursuant to the statute resulted in a denial of due process. See Southeast Recycling, 639 So.2d at 157; Thompson, 388 So.2d at 1339. We therefore REVERSE and REMAND for further proceedings consistent with this opinion. We decline to reach the other issues advanced by appellants.
BARFIELD and ALLEN, JJ., concur.
NOTES
[1] Section 440.25(4)(h), Florida Statutes (Supp. 1994), provides:

Notwithstanding any other provision of this section, the judge of compensation claims may require the appearance of the parties and counsel before him without written notice for an emergency conference where there is a bona fide emergency involving the health, safety, or welfare of an employee. An emergency conference under this section may result in the entry of an order or the rendering of an adjudication by the judge of compensation claims.