DAVIS, Judge.
The employer/carrier (e/c) appeal an order entered after an emergency hearing held pursuant to section 440.25(4)(h), Florida Statutes (1995), and assert that the order should be reversed because the claimant failed to expressly cite section 440.25 in the notice of hearing; because they were denied due process by the award of benefits not requested in the notice; because there was no finding that an actual emergency exists; because the claimant failed to prove the causal connection between the medical care sought with Dr. Love and his compensable accidents in 1984 and 1986; and because the JCC failed to make findings regarding the existence of the causal connection. We disagree with the e/c’s argument that the notice of emergency conference did not adequately inform the e/c that the hearing was being requested pursuant to section 440.25, and could result in an adjudication of benefits by the JCC. The motion for emergency hearing stated that the claimant sought “immediate medical care and ... authorization of Dr. Lucy C. Love.” Therefore, this case is distinguishable from Town of Jupiter v. Andreff 656 So.2d 1374 (Fla. 1st DCA 1995).[1] However, we find merit to the remaining issues, and therefore reverse and remand for further proceedings consistent with this opinion.
E/C assert they were denied due process because the JCC awarded payment of the bills of Dr. Love, when this was not requested in the motion for emergency hearing. “An order that is not in accord with the understanding with which the workers’ compensation hearing was undertaken and participated in is a denial of due process and must be reversed.” Southeast Recycling v. Cottongim, 639 So.2d 155, 157 (Fla. 1st DCA 1994). In the present case, the claimant’s motion requests “authorization for Dr. Lucy C. Love.” The JCC’s order states that “Dr. Lucy C. Love shall be authorized to evaluate and treat claimant for the injuries from these D/A’s and that the Employer/Camer shall be *1389 responsible for payment of the medical bills per the schedule.” Because the payment of Dr. Love’s past medical bills was not an issue to be decided at the emergency hearing and the JCC’s order does not limit the medical bills for which the E/C is responsible, the JCC improperly awarded benefits that were beyond the scope of the hearing.
E/C also meritoriously contend that the order is facially inadequate because it does not contain any findings that an actual emergency exists. In Dayco Products v. Rue, 676 So.2d 58, 61 (Fla. 1st DCA 1996), we held that “the JCC must include a finding, based on competent substantial evidence that an actual emergency exists and must state sufficient facts to support this finding.” The facts of this case highlight the importance of parties acting in good faith, and not abusing the appeal process to frustrate compliance with orders entered on genuine emergencies. Deficiencies such as this one, which can readily be corrected on motion for rehearing, should be raised on motion for rehearing so that they may be resolved below without engaging in the time-consuming appellate process. The facts of this case also illustrate the importance of the JCC making actual findings regarding the existence of an emergency because the evidence could support either a finding that an emergency does or a finding that an emergency does not exist.
Claimant was injured in the course and scope of his employment in 1984 and 1986. In February 1995, Dr. McCraney diagnosed severe spinal canal stenosis and referred the claimant to Dr. Mozingo. Dr. Mozingo stated in May 1995 that the claimant needs “complex cervical spine surgery ... as soon as possible ...” In May 1995, Dr. McCra-ney explained that he had no therapy to offer for spinal stenosis, and advised the claimant to get a surgical opinion “right away.” On November 9, 1995, Dr. Roberge rendered a second opinion, in which he diagnosed cervical spinal stenosis and significant spinal cord compression. He said the claimant is a surgical candidate, and that the surgery should not continue to be postponed. Dr. Roberge opined that “further delay will simply increase the chances of additional spinal cord compression and ... [the claimant] could become quadriplegic fairly rapidly mainly if he slipped and fell and hit head.” On January 10, 1996, Dr. Lucy C. Love noted that she had discussed with the claimant “the possibility he may need a second operation.”
The claimant’s “Motion for Emergency Medical Hearing and Benefits” bears the date February 26, 1996. At the hearing, claimant’s counsel explained that he was proceeding on an emergency basis because of the opinion that the claimant was in danger of becoming a quadriplegic if the problem were not cared for. However, he also stated that he was simply asking for authorization of Dr. Love because the treatment should be provided in a university setting, not because the claimant was ready to proceed with the surgery Drs. McCraney, Mozingo and Ro-berge all opined he needs. Counsel stated that the claimant still “hopes it doesn’t involve surgery.” There is testimony to support the need for surgery, perhaps on an emergency basis, but e/e have argued that if the claimant is not ready to proceed with the surgery there is no emergency. The' JCC did not resolve this issue, making no findings on the question whether a bona fide emergency exists. Therefore, we reverse and remand for further proceedings in the present case.
Finally, the e/c below and on appeal disputed the causal relationship between the treatment being sought by the claimant and his compensable injuries in 1984 and 1986. The record contains conflicting evidence on the question whether the claimant’s current medical condition is causally related to his compensable accidents. This is a factual question which must first be resolved by the trier of fact. On remand, the JCC must make findings addressing whether there is a causal relationship between the claimant’s current medical condition and his compensa-ble accidents.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
*1390 KAHN, J., concurs.
ERVIN, Judge, concurs and dissents with written opinion.

. We also decline to address e/c’s argument that they were not given reasonable notice of the emergency conference because this court found in Town of Jupiter that "reasonable notice should include ... some indication of the witnesses to be called and the evidence to be utilized to prove entitlement to relief.” The E/C did not raise this argument before the JCC and cannot raise it for the first time on appeal. See, e.g., Robinson v. Shands Teaching Hospital, 625 So.2d 21, 23 (Fla. 1st DCA 1993).