ALLEN, J.
The appellants are attempting to appeal a workers’ compensation order entered after an emergency conference under section 440.25(4)(h), Florida Statutes. In this order the judge determined that an emergency exists, and purported to authorize emergency surgery at the appellants’ expense. However, the judge further stated in the order that this was not a final determination as to compensability, and that a hearing would later be held regarding all claims and defenses. Although the judge did find that the claimant’s emergency medical condition is related to a com-pensable accident, the express reservation as to compensability and other defenses for a later hearing makes this a nonfinal emergency order. And while final emergency orders may be appealed despite the existence of pending nonemergency claims, Bradley v. Hurricane Restaurant, 652 So.2d 443 (Fla. 1st DCA 1995), this does not negate the requirement of establishing compensability, where such a predicate is at issue, in connection with an emergency medical award. See Owens-Illinois v. De-Loach, 686 So.2d 1387 (Fla. 1st DCA 1997). Because the order in the present case does not finally resolve the compensability issue, insofar as this may impact the appellants’ ultimate responsibility for the claimant’s emergency medical care the order is thereby nonfinal. And because the appellants have not shown any basis for an immediate interlocutory appeal under Fla. RApp. P. 9.180(b), this appeal is accordingly dismissed.
ERVIN and DAVIS, JJ., CONCUR.