PER CURIAM.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred in compelling his attendance at a psychological evaluation and that competent substantial evidence does not support the JCC’s dismissal of his May 6, 2014, petition for benefits. We affirm without comment Claimant’s second issue. We agree, however, that the JCC erred in compelling Claimant’s attendance at the evaluation.
The issue of whether Claimant should be compelled to attend a psychological evaluation was not an issue submitted to the JCC for determination. Thus, the JCC abused his discretion when he ordered Claimant to attend the evaluation.
Due process concerns preclude a ruling on matters which have not been placed at issue, since the parties are entitled to notice so that they may fairly present their case. An order that is not in ac *1018 cord with the understanding with which the workers’ compensation hearing was undertaken and participated in is a denial of due process and must be reversed. A JCC should not award benefits which are beyond the scope of the hearing.
Se. Recycling v. Cottongim, 639 So.2d 155, 157 (Fla. 1st DCA 1994) (citations omitted).
Accordingly, we strike that portion of the order compelling Claimant’s attendance at an evaluation. With that modification, the order is otherwise AFFIRMED.
BENTON, MARSTILLER, and OSTERHAUS, JJ., concur.