WENTWORTH, Judge.
Claimant appeals a workers’ compensation order which awarded various benefits and denied “all other claims.” Construing this language as a denial of such claims as were mature and ripe for adjudication and placed in issue, we affirm the order appealed.
Claimant argues, among other contentions, that the deputy erred by adjudicating the issue of permanent disability. The dep *1031 uty found that claimant has sustained no permanent disability, and effectively adju-dieated the issue by awarding some benefits and denying “all other claims.”
A deputy should not, of course, rule on issues which are beyond the agreed scope of a hearing. See Pompano Roofing Co. v. O’Neal, 410 So.2d 971 (Fla. 1st DCA). In this case permanent disability was not expressly placed in issue by either the formal claim or the pre-trial stipulation, but the record does not show any express reservation of the issue or other fact bearing on estoppel against its submission. We conclude that in these circumstances a claimant may not rely on the pre-trial restrictions after initiating questioning of various physicians on this point. Further, the order found that claimant attained maximum medical improvement nearly a year prior to the date of the hearing. The issue of permanent disability was in this case clearly mature for adjudication, and the deputy did not err by ruling on the evidence put before him. Cf., Action Pool Builders v. Grant, IRC Order 2-3743 (March 23, 1979); see generally, Hunt v. International Minerals and Chemical Corp., 410 So.2d 640 (Fla. 1st DCA 1982). Rights of the parties to isolate matters for hearing (and to preserve other issues for self-executing procedures) plainly must be exercised with respect for orderly disposition of matured claims at the time of entry of a final order.
The order appealed is hereby affirmed.
MILLS and THOMPSON, JJ., concur.