429 So.2d 401 (1983)
LEEDS SHOES and Monarch Insurance Company, Appellants,
v.
Gloria CUCUZZA, Appellee.
No. AK-294.
District Court of Appeal of Florida, First District.
March 29, 1983.
Richard D. Senty and Susan R. Whaley of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
William D. Douglas of Hamilton & Douglas, Tampa, for appellee.
NIMMONS, Judge.
Employer/carrier appeals from an order of the deputy commissioner awarding temporary total disability (TTD) benefits.
Claimant filed a worker's compensation claim for an injury occurring April 12, 1976. TTD was paid through January 24, 1980, and permanent partial disability (PPD) was paid thereafter for a 30% impairment of the claimant's left arm. Claimant applied for a hearing for permanent total disability (PTD) or, in the alternative, PPD in excess of 30%. In a pre-hearing stipulation, the parties agreed: (1) that the claimant reached maximum medical improvement on January 24, 1980; (2) that "all TTD due at this time has been paid"; and (3) that PPD *402 for 30% of the arm had been paid. The remaining issues, as stipulated, were "PTD or PPD in excess of 30% of the arm, costs, interest and attorney's fees." At the conclusion of the hearing on September 11, 1981, the following colloquy occurred between the deputy commissioner and the attorney for the employer/carrier:
DEPUTY COMMISSIONER: I would like to inquire whether the carrier has considered possibly sending her down to the University of Miami Pain Clinic for this kind of syndrome.
MR. SENTY: I'll certainly take it up with them. We certainly have been generous.
DEPUTY COMMISSIONER: I'm not complaining.
Whereupon, the hearing concluded.
Subsequent to the hearing, the employer/carrier authorized the suggested evaluation and the claimant entered the University of Miami Pain Clinic in October 1981. After claimant's discharge from the Clinic, the employer/carrier arranged for the claimant to receive assistance from International Rehabilitation Associates, Inc., in job placement.
Thereafter, at the request of the deputy commissioner, there was a conference between the deputy and the attorneys on January 19, 1982. At this unrecorded conference, medical reports from the Pain Clinic and progress reports from the vocational specialists were submitted to the deputy by stipulation.
On March 4, 1982, the deputy commissioner entered an order rejecting the parties' pre-hearing stipulation that claimant reached MMI on January 24, 1980, and ordering TTD payments "during claimant's temporary total disability or until MMI is reached." The order is conflicting as to whether the deputy found MMI to have been reached. In one part of the order, the deputy stated:
Based on these reports, this court finds that the claimant reached maximum medical improvement on November 2, 1981.
Later in the order, the deputy stated:
In light of this court's finding that the claimant has not reached maximum medical improvement, this court retains jurisdiction to evaluate and determine a reasonable attorney's fee at a later date.
Employer/carrier claims that the deputy commissioner erred in rejecting the stipulation and awarding TTD benefits that were not in issue at the time of the hearing, thereby denying the employer/carrier the opportunity to address the issues ultimately adjudicated by the deputy commissioner. This raises two distinct questions: (1) Was the deputy commissioner authorized to reject the stipulation? (2) If so, was the employer/carrier entitled to notice and the opportunity to defend against the new issues raised by reason of the deputy's rejection of the stipulation? We answer both questions in the affirmative.
It became apparent to the deputy commissioner, based upon the testimony presented at the hearing and the reports subsequently submitted to the deputy by agreement, that the claimant, contrary to the pre-hearing stipulation, had not reached MMI on January 24, 1980. Under such circumstances, a deputy commissioner is not bound to accept the stipulation. As stated in Woods v. Greater Naples Care Center, 406 So.2d 1172, 1173 (Fla. 1st DCA 1981):
A deputy should not bind himself to a stipulation if facts presented at the hearing are at variance with, and show good cause for modification of the stipulation.
See also Delta Drilling Co., Inc. v. Wells, IRC Order 2-3708 (February 22, 1979) (cert. den. 379 So.2d 204 [Fla. 1979]).
However, inasmuch as an award of additional TTD benefits was not contemplated by either party at the hearing, the employer/carrier must be afforded the opportunity to be heard on the issues raised by this additional claim for TTD after January 24, 1980. See Davignor v. Atkinson-Bankston, Inc., IRC Order 4-2722 (1976); Pompano Roofing Co. v. O'Neal, 410 So.2d 971 (Fla. 1st DCA 1982); compare Delta Drilling *403 Company, Inc. v. Wells, supra. Claimant contends that the employer/carrier should have sought to present evidence on the question of additional TTD at the informal unrecorded January 19, 1982, conference called at the deputy commissioner's request. We reject that contention. The record does not support the claimant's contention that the question of additional TTD was properly at issue at the time of such conference, and we will not engage in speculation as to what may have been said there.
As a separate point, the employer/carrier attacks that part of the order which held that the claimant was entitled to "rehabilitative temporary total" from November 2, 1981. Claimant concedes this point since the employer/carrier had no opportunity to defend that issue.
The cross appeal by claimant raises the question of the propriety of a statement made by the deputy commissioner regarding a matter not ripe for determination. The deputy, although recognizing that the matter was not yet at issue, gratuitously remarked that claimant is "not permanently totally disabled" and "has a permanent partial disability no greater than 25% of the body as a whole." It, indeed, was premature for the deputy to make such "preliminary findings." Such findings shall have no binding effect upon the parties or the deputy commissioner at any subsequent hearing at which such issues are properly before the deputy for determination.
For the reasons enumerated above, the order appealed from is reversed and remanded for further hearing at which the parties will be entitled to present evidence relevant to the claim for TTD benefits after January 24, 1980, and for the determination of whether, and if so when, claimant reached maximum medical improvement.
Reversed and Remanded.
BOOTH and WIGGINTON, JJ., concur.