SHIVERS, Judge.
Claimant sought an advance payment to provide a reliable source of transportation to and from his doctors’ offices. Following hearing on the claim, the deputy commissioner directed the employer/carrier to provide claimant with transportation which would not require any expenditure on his part. In addition, the deputy commissioner directed the employer/carrier to advance claimant $2500. The parties stipulated that as of the date of the hearing claimant had not reached maximum medical improvement (MMI).
We reverse the advance of $2500. Claimant did not request an advance for non-transportation. Further, a lump sum advance is not properly awarded before a claimant has reached MMI. See City of St. Petersburg Beach v. Harper, 8 FCR 338 (1974).
The statute in question in Harper was section 440.20(10), Fla.Stat. (1973), which read:
Upon the application of any party in interest ... if he [a judge of industrial claims] finds that it is for the best interests of the person entitled to compensation a judge of industrial claims may enter a compensation order requiring ... that the employer make advance payment of a part of the compensation for which he is liable by the payment of a lump sum equal to the present value of such part of the compensation computed at 4% true discount compounded annually, (emphasis added)
Considering the effect of this statute, the Commission in Harper reversed the order of a judge of industrial claims awarding claimant a lump sum advance, stating that:
The order appealed from makes no pretense toward even establishing the point that claimant has reached maximum medical improvement, but foundations its *778 award of an advance on the premise that claimant “has now or will have a permanent physical impairment”, a defective foundation upon which the award cannot exist.
The award of an advance is against future payments for which the employer and carrier “is liable” at the time of the award, and the award of the statutory base of liability upon which the same must rest is not a supposition or a presumption that there will be an award of permanent disability which will create the quality of liability for payment envisioned by the statute.
Regardless of the claimant’s reasons for wanting the advance, or the sympathetic good motives of the trial court in awarding same, it must comply with the statutory body from which it springs.
Id. at 339. At the time of claimant’s accident, the section authorizing the payment of lump sum advances was covered under section 440.20(12)(b), Fla.Stat. (1979), which is identical to section 440.20(10), Fla.Stat. (1973) in all important respects.
The order appealed from is reversed in part.
MILLS and BOOTH, JJ., concur.