SHIVERS, Judge.
The Special Disability Trust Fund, Ingram’s Hardware (employer) and State Farm Insurance Company (carrier) appeal the deputy commissioner’s award of a lump-sum advance of permanent total disability benefits to Paul D. Myers (claimant) for injuries sustained on April 10, 1981. We reverse.
A lump-sum advance is not properly awarded before a claimant has reached maximum medical improvement (MMI). Butler’s Dairy, Inc. v. Honeycutt, 432 So.2d 777 (Fla. 1st DCA 1983); City of St. Petersburg Beach v. Harper, 8 FCR 333 (1974); Section 440.20(12)(a), Florida Statutes (1981). In this case the parties have stipulated to MMI as of January 11, 1984. The deputy commissioner approved the stipulation and incorporated it by reference in his orders. However, the record fails to support the occurrence of MMI.
Although the psychologist did testify claimant reached psychological MMI on January 11, 1984, the psychiatrist testified claimant had not yet reached MMI but might within six months of February 20, 1984. No findings as to MMI for physical problems were made by the neurologist or any other doctor.
The January 11, 1984 date is not binding when the facts presented at the hearing are at variance with, and show good cause for modification of the stipulation. Espada Enterprises, Inc. v. Spiro, 481 So.2d 1265, 1268 (Fla. 1st DCA 1986); Leeds Shoes v. Cucuzza, 429 So.2d 401, 402 (Fla. 1st DCA 1983); Woods v. Greater Naples Care Center, 406 So.2d 1172, 1173 (Fla. 1st DCA 1981), rev. denied, 413 So.2d 876 (Fla.1982). The lump-sum advance must be reversed under Butler’s Dairy because the evidence fails to support the occurrence of MMI regardless of the stipulated date.
REVERSED.
ERVIN and THOMPSON, JJ., concur.