JOANOS, Judge.
Emergency One and Alexsis have appealed an order of the judge of compensation claims awarding temporary total disability benefits, the payment of past medical bills, and attorney’s fees. We affirm in part, reverse in part, and remand.
On May 4, 1989, claimant Carl Gray suffered a compensable injury to his neck and low back. Although the employer was aware of the injury, no medical treatment was initially offered. Gray consulted a chiropractor, Dr. Diamond, who diagnosed a bulging disc in Gray’s low back. The employer refused Gray’s request for authorization of Dr. Diamond, and told him to see Dr. Mederos, the company doctor. Mede-ros released Gray to full duty without restrictions in June 1989.
On May 15, 1989, Gray filed the instant claim for compensation benefits and treatment by Dr. Diamond; he reiterated his desire to see Dr. Diamond at a July 1989 deposition. However, the employer/carrier never authorized Dr. Diamond or offered alternative chiropractic care. Rather, Gray continued treatment with Dr. Mederos, who discharged him in August 1989, telling him not to return. Gray worked for the employer sporadically until August 25, 1989, when he returned to Dr. Diamond.
Diamond testified that Gray was much worse than in May 1989, citing visible muscle spasms, increased tenderness, additional positive orthopedic signs and notable guarding around the injury site. Diamond thereafter treated Gray an average of three times per week until the December 1989 hearing. He testified that Gray was not yet at maximum medical improvement, and had been temporarily totally disabled (TTD) since May 25, 1989. Diamond explained that Gray’s spinal ligaments were still weak so that heavy labor might cause a sprain, or even complete herniation of the bulging disc, necessitating surgery.
In his December 1989 order, the judge relied on Dr. Diamond’s opinion to find that the claimant had been TTD since August 25, 1989. He held the employer/carrier responsible for Diamond’s past bills, citing their refusal either to authorize Diamond upon request or offer alternative chiropractic care. However, although the judge *514 found that Diamond’s treatment had improved Gray’s condition, he made no specific finding that the unauthorized treatment was reasonable and necessary. Finally, the judge ruled that “counsel for the claimant is entitled to a reasonable attorney’s fee on this controverted claim,” and ordered that “the employer and carrier pay to counsel for the claimant a reasonable attorney [sic] fee.” No factual or statutory basis for the fee award appears in the order.
The employer/carrier allege first that no conapetent substantial evidence supports the award of TTD benefits. We disagree. Dr. Diamond’s opinion of total disability was based on objective testing and symptoms, and on Gray’s vulnerability to exacerbation of his unhealed injury. While the judge rejected Dr. Mederos’ contrary opinion, the order reflects that his opinion was not ignored. Further, it appears from the record that Mederos’ opinion was based on x-ray studies, which could not demonstrate Gray’s true condition. Therefore, the judge’s rejection of Mederos’ opinion need not be specifically explained. See Yeargin Construction Co. v. Hutchinson, 547 So.2d 1269, 1271 (Fla. 1st DCA 1989). The award of TTD benefits is affirmed.
As to the award of Dr. Diamond’s past bills, the employer/carrier maintain first that it was erroneous based on the late filing of Diamond’s bills and reports. This argument is not cognizable on appeal, in that it was not raised below. Further, the. employer/carrier acknowledge that a request for chiropractic treatment would ordinarily require them to authorize the treatment, offer alternative chiropractic care or obtain a ruling from the judge that the alternative care was not in Gray’s best interest. However, they argue that, because Gray made only one request for chiropractic care and thereafter appeared capable of work, their denial should not result in responsibility for unauthorized chiropractic care sought without further request.
However, the record shows that Gray requested chiropractic care on three occasions, i.e., four days after his injury, in his May 15, 1989 claim for benefits, and at his July 1989 deposition. Despite these repeated requests, the employer/carrier did not authorize the care, offer alternative chiropractic care, or seek a ruling from the judge that it was not in Gray’s best interest. We therefore find that the employer/carrier’s failure to respond to Gray’s requests renders them responsible for the unauthorized chiropractic care rendered by Dr. Diamond, if the judge determines it to be reasonable and necessary. Chase v. Henkel & McCoy, 562 So.2d 831, 832 (Fla. 1st DCA 1990) (emphasis supplied).
In this case, however, the judge found only that “during [the period of treatment since August 25, 1989], the claimant has noticed improvement in his neck and low back problems in the sense that the pain is less severe and occurs less often. The claimant has confidence in Dr. Diamond and wishes for Dr. Diamond to continue to be authorized to treat him and provide improvement in the future that he has in the past....” There was no specific finding that Diamond’s unauthorized treatment was reasonable and necessary. We therefore reverse, and remand for a specific finding on the issue of the reasonableness and necessity of Dr. Diamond’s unauthorized care.
Finally, the employer/carrier allege that the judge erred in awarding an attorney’s fee without stating a statutory or factual basis therefor. We agree. A claimant is responsible for payment of his own attorney’s fees, with certain statutorily established exceptions. Gray never specified the ground on which he sought fees, and none of the statutory exceptions appear applicable to this case. The award of fees must therefore be reversed, and the case remanded for further proceedings on the attorney’s fee claim.
Affirmed in part, reversed in part and remanded.
WENTWORTH and ALLEN, JJ., concur.