601 So.2d 1294 (1992)
STATE of Florida, University of Florida, Department of Insurance, Division of Risk Management, Appellants,
v.
James A. VICE, Appellee.
No. 91-2464.
District Court of Appeal of Florida, First District.
July 2, 1992.
Willa M. Russell of McClain & Strauss, P.A., Tampa, for appellants.
Michael B. Murphy of Stanley, Wines, Bennett, Murphy, Spanjers & Helms, P.A., Winter Haven, Bill McCabe of Shepherd, McCabe & Cooley, P.A., Longwood, for appellee.
WEBSTER, Judge.
Appellants, the employer and carrier in this workers' compensation case, argue that there is no competent substantial evidence to support the finding of the judge of compensation claims that treatment rendered and surgery performed to correct claimant's low-back complaints were causally related to an on-the-job accident which occurred on February 24, 1989; and that there is, likewise, no competent substantial evidence to support the finding of the judge of compensation claims that claimant was totally disabled from April 4, 1991, *1295 through the date of the hearing held below, thereby entitling claimant to temporary total disability benefits during that period, and continuing. In addition, appellants challenge determinations of the judge of compensation claims regarding certain medical bills and taxable costs. We affirm in part, and reverse in part.
We are unable to accept appellants' argument that there is no competent substantial evidence in the record to support the finding of the judge of compensation claims that treatment rendered and surgery performed to correct claimant's low-back complaints were causally related to an on-the-job accident which occurred on February 24, 1989. On the contrary, our review of the record leads us to conclude that there is competent substantial evidence upon which to base such a finding. Therefore, we find it unnecessary to decide whether a finding of causation could also be based upon a repetitive trauma theory, as argued by claimant; or whether appellants preserved by a sufficient objection in the proceeding below any disagreement they might have had regarding claimant's right to rely upon that theory.
However, we do agree with appellants that the finding that claimant was totally disabled from April 4, 1991, through the date of the hearing below and, therefore, entitled to temporary total disability benefits during that period, and continuing, is not supported by competent substantial evidence. "[Temporary total disability] benefits may ordinarily be awarded only where there is medical evidence of a claimant's inability to work or, alternatively, evidence of a good faith work search." Area Electric Service, Inc. v. Cunningham, 538 So.2d 471, 472 (Fla. 1st DCA 1989). The record in this case reflects neither "evidence of a good faith work search," nor evidence that claimant was totally unable to work during the period in question. (While the record does contain a medical record from claimant's treating physician dated April 30, 1991, which states that "[t]he patient is unable to return to work at the present time," the physician was not questioned as to the extent of claimant's disability, how long claimant had been disabled or how long claimant was likely to continue to be disabled.) Accordingly, we reverse the award of temporary total disability benefits, and remand with directions that the judge of compensation claims receive and consider whatever additional evidence the parties might wish to present on this issue. Area Electric Service, supra.
Appellants raise a number of challenges to the treatment of medical bills by the judge of compensation claims. First, they object that no competent substantial evidence was presented regarding either the nature or the amount of claimant's medical bills. However, we do not read the judge's order as actually requiring appellants to pay any specific past medical bills. Rather, we believe that it is apparent that all that was intended was that claimant be afforded an opportunity to offer such bills in evidence, and to establish what services were performed. We do not believe that this constitutes error. See, e.g., Martin Marietta Corp. v. Glumb, 523 So.2d 1190 (Fla. 1st DCA 1988) (affirming portion of order requiring payment of medical bills, but remanding for submission of proper proof as to amounts); Leonard M. King Pest Control v. Dixon, 474 So.2d 12 (Fla. 1st DCA 1985) (reversing award of medical expenses because bills were not placed in evidence, and remanding for further consideration upon submission of proper proof as to amounts of bills).
Next, appellants argue that the judge of compensation claims should not have approved medical bills for any of claimant's past treatment because the treating physician was not authorized, and no evidence was offered which would excuse claimant's failure to obtain authorization; and because the treating physician failed to provide medical reports to appellants, as required by Section 440.13(2)(b), Florida Statutes (Supp. 1988), which, in its relevant parts, reads:
If the employer fails to provide ... treatment, care, and attendance after request by the injured employee, the employee may do so at the expense of the employer, the reasonableness and the necessity *1296 to be approved by a [judge of compensation claims]. .. . Nor shall any claim for medical, surgical, or other remedial treatment be valid and enforceable unless, within 10 days following the first treatment..., and thereafter at such intervals as the division ... may prescribe, the health care provider or health care facility giving such treatment or treatments furnishes to the employer, or to the carrier if the employer is not self-insured, a report of such injury and treatment on forms prescribed by the division; however, a [judge of compensation claims], for good cause, may excuse the failure of the health care provider or health care facility to furnish any report within the period prescribed and may order the payment to such employee of such remuneration for treatment or service rendered as the [judge of compensation claims] finds equitable.
There is evidence in the record from which one could conclude that appellants failed to provide treatment after a request by claimant that they do so; and that there was "good cause" for claimant's treating physician's failure to provide reports to appellants. However, the judge of compensation claims failed to make any findings with regard to such matters; or with regard to "the reasonableness and the necessity" of the treatment. Accordingly, on remand, the judge of compensation claims shall make specific findings as to such matters. See generally Emergency One v. Gray, 571 So.2d 512 (Fla. 1st DCA 1990) (remanding with direction that judge make specific findings on the issue of the reasonableness of care rendered by an unauthorized health care provider).
Appellants also complain that the judge of compensation claims ordered them to pay "pre-claim" medical bills, despite claimant's stipulation that appellants were not responsible for those bills. On appeal, claimant candidly concedes that he did not seek, and is not entitled to, payment of any medical bills incurred prior to October 5, 1990 (the date on which he filed his claim). While this matter could have been handled easily by a motion for rehearing, as we are remanding this case for other reasons, we shall direct the judge of compensation claims to clarify his order to reflect that appellants are not responsible for any medical bills incurred prior to October 5, 1990.
Finally, appellants complain that the judge of compensation claims erroneously awarded claimant $455.75 in costs, because there was no evidence presented from which the judge could have arrived at that, or any other, figure. On appeal, claimant essentially concedes that no evidence was presented below regarding the amount of taxable costs; and suggests that the appropriate remedy would be to remand for a hearing, at which claimant would be afforded the opportunity to present evidence regarding costs. We agree that the award of costs should be reversed, and the matter remanded for further proceedings.
In summary, we affirm the finding that treatment rendered and surgery performed to correct claimant's low-back complaints were causally related to an on-the-job accident which occurred on February 24, 1989. We reverse the award of temporary total disability benefits from April 4, 1991, through the date of the hearing below, and continuing; the award of past medical bills; and the award of $455.75 in costs. Finally, we remand to the judge of compensation claims for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BOOTH and WIGGINTON, JJ., concur.