617 So.2d 333 (1993)
FLORIDA POWER CORPORATION, Appellant,
v.
Fred HAMILTON, Appellee.
No. 92-995.
District Court of Appeal of Florida, First District.
April 8, 1993.
Bernard J. Zimmerman and Charles H. Leo of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellant.
Johnnye L. Friedrich and Leon M. Boyajan, II, P.A., Inverness, for appellee.
ALLEN, Judge.
The employer appeals a workers' compensation order by which the claimant was awarded temporary total disability benefits. Because the claimant did not specifically request this class of benefits, and the matter was not otherwise clearly placed at issue, we reverse the award.
*334 Claims were filed for permanent total disability or wage loss benefits, with the parties stipulating that the claimant had attained maximum medical improvement. The claimant did not appear at a hearing where medical and vocational evidence was presented. The judge noted that he was thus unable to directly evaluate the claimant's subjective complaints and credibility. Finding the medical evidence of disability to be insufficient, the judge determined that an additional medical opinion should be obtained as to certain questions including the advisability of further surgical intervention. The judge therefore ordered an additional examination and evaluation, while reserving jurisdiction as to "all issues presented."
The examining doctor prepared a report and was deposed by the parties. These documents were received as the court's exhibit, and the parties declined to present other evidence. The judge then entered the appealed order, accepting the examining doctor's recommendation for further evaluation and possible surgery. Rejecting the parties' stipulation as to maximum medical improvement, the judge determined that the claimant remains temporarily totally disabled, and awarded such benefits.
The judge was entitled to reject the stipulation as to maximum medical improvement upon the receipt of contrary evidence. See Leeds Shoes v. Cucuzza, 429 So.2d 401 (Fla. 1st DCA 1983). But neither this circumstance nor the reservation of jurisdiction in connection with the additional medical examination expanded the scope of the hearing. Leeds Shoes; see also Allman v. Meredith Corp., 451 So.2d 957, 959 n. 1, (Fla. 1st DCA 1984). Although a matter may be placed at issue by the presentation of evidence specifically directed to the dispute, see Dailey v. General Accounting Machs., 411 So.2d 1030 (Fla. 1st DCA 1982), the evidence in the present case was not such as to necessarily expand the scope of the hearing.
Due process concerns preclude a ruling on matters which have not been placed at issue, as the parties are entitled to notice so that they may fairly present their case. See generally Austin Co. v. Lindenberger, 410 So.2d 601 (Fla. 1st DCA 1982); Albertson's Southco v. Williams, 402 So.2d 1342 (Fla. 1st DCA 1981); see also Kaplan Industr. v. Rowlett, 565 So.2d 404 (Fla. 1st DCA 1990). These cases indicate that it is thus usually necessary that a claim identify the specific benefit being requested. See also United States Steel Corp. v. Green, 353 So.2d 86 (Fla. 1977).
In Leeds Shoes this court determined that a claim for permanent disability benefits would not permit a temporary total award. It has likewise been indicated in various other cases that a claim for one class of benefits will not permit an award of another class of benefits. See, e.g., United States Steel; Albertson's. The contrary rule which is sometimes applied in reliance on Farm Stores v. Dyrda, 384 So.2d 269 (Fla. 1st DCA 1980), is not applicable in the present case. Farm Stores involved an earlier specific request which remained pending as to the class of benefits ultimately awarded, and the present case does not involve this circumstance. Leeds Shoes is directly controlling authority precluding an award of temporary total benefits which were neither claimed nor otherwise placed at issue. See also Florida Production Engineering v. Fisher, IRC Order 2-3437 (May 19, 1978).
The award of temporary total disability benefits is reversed.
WIGGINTON and MICKLE, JJ., concur.