PER CURIAM.
The amended order entered by the Judge of Compensation Claims (JCC) in this ease properly awarded certain periods of wage loss to Appellant Gilberto Santiesteban. Because appellant was on notice that his doctors had placed him at maximum medical improvement, the JCC did not err in adjudi- *2 eating the wage loss claims. Turner v. Rinker Materials, 622 So.2d 80 (Fla. 1st DCA 1993); Dailey v. General Accounting Machines, 411 So.2d 1030 (Fla. 1st DCA 1982). Also the JCC properly followed Winn Dixie v. Resnikoff, 659 So.2d. 1297 (Fla. 1st DCA 1995) in which this court recognized that “the eligibility schedule [for wage loss] under section 440.15(3)(b)4.d. applies only as a cumulative limitation on the total number of weeks for which the claimant may be entitled to wage loss benefits.”
AFFIRMED.
BARFIELD, C.J., and ERVIN and KAHN, JJ., concur.