PER CURIAM.
In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) which denies permanent total disability (PTD) benefits for a period preceding maximum medical improvement (MMI). For reasons explained below, we modify the order on appeal, and affirm the denial of PTD for the period preceding the date of MMI.
On December 2, 2007, Claimant suffered a compensable traumatic brain injury which affects his balance, reasoning, *1125 memory, and cognitive functioning. Claimant filed a claim for PTD before being placed at MMI by all of his treating physicians, and at a time when he was receiving temporary total disability (TTD) benefits and was medically restricted from returning to any level of work by his authorized doctors. The JCC denied the PTD claim, relying on opinions from Claimant’s authorized treating medical providers that lasting improvement in Claimant’s medical condition was reasonably expected, and that Claimant’s permanent work restrictions would best be determined at the time of MMI. Because competent substantial evidence supports these findings, we affirm the JCC’s denial of PTD for the period preceding the attainment of MMI, based on the premature nature of the PTD claim. See, e.g., Olmo v. Rehabcare Starmed/SRS, 930 So.2d 789 (Fla. 1st DCA 2006) (explaining an award of PTD made before effects of treatment are known is premature).
For reasons which are not entirely clear, in addition to denying PTD because Claimant had not reached MMI and (concomitantly) that it was simply too early to accurately determine Claimant’s permanent work restrictions, the JCC denied PTD (ostensibly for periods after MMI, once reached) on the alternative basis that Claimant did not introduce vocational evidence establishing that he would not be able to work once he reached MMI. This alternative finding is untenable because, by finding Claimant’s permanent work restrictions could not accurately be ascertained until MMI, the JCC, of necessity, determined Claimant’s permanent work restrictions were speculative. Here, there is no record basis for an assumption that Claimant, who was totally restricted from all levels of work on a medical basis at the time of hearing and for twenty months prior thereto, would, once achieving MMI, have the physical capacity to engage in sedentary work or greater, and thus require vocational testimony to establish his entitlement to PTD. See § 440.15(l)(b)5., Fla. Stat. (2007) (conditioning award of PTD on inability to engage in sedentary work); see also, e.g., Blake v. Merck & Co./SRS, 1D09-5464, 43 So.3d 882 (Fla. 1st DCA September 7, 2010) (explaining available means of proving entitlement to PTD, including proof based on medical incapacity to perform requisite level of work). The JCC’s alternative denial of PTD for periods following MMI is equally, if not more, speculative and impermissible than a determination as to Claimant’s permanent work status once he reaches MMI. Thus, we conclude that the JCC’s alternative basis of denial is unsustainable and improper. Accordingly, we hereby modify the order on appeal by quashing the JCC’s denial of PTD for any period following the attainment of MMI, and striking from the order the JCC’s denial of PTD on the alternative basis that no vocational testimony was introduced. See Lawrence v. Aquarius Sales & Serv., Inc., 30 So.3d 690 (Fla. 1st DCA 2010) (modifying JCC’s order in part, and affirming as modified).
Claimant also argues the JCC erred in relying on the medical opinion of a neuropsychologist (a non-physician) regarding the severity of his injuries. Because competent substantial evidence supports the JCC’s finding that lasting improvement in Claimant’s condition was reasonably anticipated, a determination of the severity of Claimant’s permanent condition is also premature. Nevertheless, to the extent the JCC relied on the opinion of the neuropsychologist to determine the existence or extent of Claimant’s permanent impairment, we modify the order by quashing any findings based on such reliance. See § 440.15(3)(b), Fla. Stat. (2007) (explaining no persons other *1126 than limited class of physicians and medical doctors (which class does not include psychologists or neuropsychologists) are allowed to render opinions regarding existence or extent of permanent impairment).
Based on the foregoing we affirm the JCC’s denial of PTD benefits preceding the date of MMI, and modify the order by quashing any denial of PTD benefits which might otherwise be awardable after MMI and any findings as to the existence or extent of permanent impairment based on the opinions of the treating neuropsychologist. The order is AFFIRMED as modified.
HAWKES, C.J., ROBERTS and ROWE, JJ., Concur.