PER CURIAM.
Debra Buttrick, Claimant, appeals for a second time the Judge of Compensation Claims’ (JCC’s) denial of her claim for permanent total disability (PTD) benefits, as well as penalties, interest, costs, and attorney’s fees. In Buttrick v. By The Sea Resorts, 84 So.3d 476 (Fla. 1st DCA 2012), we reversed and remanded this matter “[b]ecause the JCC failed to make a finding as to whether Claimant achieved maximum medical improvement (MMI), [making] meaningful appellate review ... impossible.” Because the JCC once again failed to clarify Claimant’s MMI status, we again reverse and remand for further proceedings.
In the order under review, the JCC found “with respect based on the DCA’s directive to provide clarification, I specifically and expressly find that the Claimant reached statutory MMI on November 6, 2009, based on the stipulation of the parties as announced on and supported by the record.” (emphasis added). The only relevance of the November 6 date is that on that date Claimant exhausted her entitlement to temporary benefits.
The date of MMI is defined as “the date after which further recovery from, or lasting improvement to, an injury or disease can no longer reasonably be anticipated, based upon reasonable medical probability.” § 440.02(10), Fla. Stat. (2007). Whether MMI has been reached is a medical question that “should ordinarily be based upon a clear, explicit expression of that fact set forth in medical records or medical opinion testimony.” Kilbourne & Sons v. Kilbourne, 677 So.2d 855, 859 (Fla. 1st DCA 1995). The JCC’s reference to “statutory MMI” has no place in a determination of whether a claimant is entitled to PTD benefits. Indeed, in Matrix Employee Leasing v. Hadley, 78 So.3d 621, 626 n. 6 (Fla. 1st DCA 2011) (en banc), this court made it clear that “statutory MMI,” which presumably refers to the date a claimant exhausts his or her right to temporary benefits, “has nothing to do with the employee’s ultimate medical condition or prognosis.”
A JCC is not bound by the parties’ stipulation regarding MMI if it is not supported by the record. See Fla. Power Corp. v. Hamilton, 657 So.2d 1260, 1264 (Fla. 1st DCA 1995) (“A [JCC] ought not accept a stipulation as to a date of [MMI], if the evidence is at variance with the stipulation....”). “[I]t is the obligation of the [JCC], as trier of fact, to determine the date of [MMI].” Wright v. Golf Drive Residence, Inc., 412 So.2d 884, 888 (Fla. 1st DCA 1982).
The record contains no medical evidence that Claimant reached MMI on November 6, 2009. On remand, the JCC is directed once again to clarify Claimant’s MMI status based on expert medical testimony. If she determines that Claimant has reached MMI, she should first determine whether Claimant has one of the statutorily enumerated conditions that pre *660 sumptively qualify her for PTD disability benefits. See § 440.15(1)(b)1.-5., Fla. Stat. (2007). If Claimant does not have a statutorily enumerated condition, the JCC should then determine whether Claimant has established entitlement to PTD benefits based on the three alternative methods set out in Blake v. Merck & Co., 43 So.3d 882, 888 (Fla. 1st DCA 2010) (explaining alternative methods of proving entitlement to PTD benefits where claimant does not have statutorily listed injury). If, on the other hand, the JCC finds Claimant has not reached MMI, but because she has exhausted her entitlement to temporary benefits, the JCC should determine whether Claimant will be PTD when she does reach MMI. See Hadley, 78 So.3d at 624-25.
Claimant also challenges the JCC’s finding that she failed to conduct a good faith job search. Analysis of this issue is premature because no date for MMI has been ascertained. It is an employee’s permanent limitations and restrictions at the time MMI is reached that factor into whether he or she is “able to engage in at least sedentary employment, within a 50-mile radius of the employee’s residence.” § 440.15(1), Fla. Stat. (2007). See also Hernandez v. Geo Group, Inc., 46 So.3d 1123, 1125 (Fla. 1st DCA 2010) (modifying and quashing denial of future PTD benefits where injured employee had not reached MMI and permanent work restrictions could “not be accurately ascertained until MMI”).
Accordingly, this matter is REVERSED and REMANDED for further proceedings consistent with this opinion.
VAN NORTWICK, ROWE, and MAKAR, JJ., concur.