PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying com-pensability of Claimant’s accident/injuries and all claims stemming therefrom, including a claim for impairment benefits. Claimant disputes both rulings, and, relative to impairment benefits, also argues in the alternative that she is entitled to some impairment benefits even if compensability is ultimately denied, because the Employer/Carrier made use of the “pay and investigate” rule set out in section 440.20(4), Florida Statutes (2011). We affirm the order in its entirety, as follows.
*1135 We affirm without further comment the JCC’s ruling that the accident/injuries are not compensable. Regarding Claimant’s alternative argument, we affirm the denial of impairment benefits because Claimant did not establish entitlement to such benefits, notwithstanding the lack of compensability of her claims. Here, Claimant asserts that she became entitled to the payment of impairment benefits during the period when her case was being handled by the Employer/Carrier “as if the claim had been accepted as compensa-ble,” under section 440.20(4). Thus, argues Claimant, regardless of whether Claimant’s injuries are in fact compensa-ble, the Employer/Carrier was obligated to pay some amount of impairment benefits to satisfy its liabilities incurred under section 440.15(3)(a), Florida Statutes (2011), during the period when the case was accepted as if compensable under section 440.20(4).
Section 440.15(8)(a) provides, however, that impairment benefits are payable when the employee reaches the date of maximum medical improvement (MMI). Further, impairment benefits are payable upon establishment of a “permanent impairment.” § 440.15(3)(c), Fla. Stat. (2011). “Permanent impairment” is defined in part as “existing after the date of [MMI].” § 440.02(22), Fla. Stat. (2011). There is no competent, substantial evidence in the record that Claimant reached MMI during the period when the case was handled as if compensable. Although the JCC found Claimant had a ten percent permanent impairment rating (10% PIR) and the record contains competent, substantial evidence to support that finding, the JCC made no express finding as to MMI, and the record does not contain competent, substantial evidence that Claimant reached MMI at any point prior to the denial of the case by the Employer/Carrier. Contrary to Claimant’s assertion, the record does not indicate the parties agreed on an MMI date. In any event, a JCC should not accept a stipulation on a date of MMI where the evidence is at variance with the stipulation. See Buttrick v. By the Sea Resorts, Inc., 108 So.3d 658, 659 (Fla. 1st DCA 2013). Here, the same document indicating Dr. Bhatt assigned a 10% PIR states “NO” in response to the question of whether Claimant had reached MMI. Based on the foregoing, we conclude that Claimant did not establish that the E/C was liable for impairment benefits during the period when the case was accepted as compensable under section 440.20(4).
AFFIRMED.
VAN NORTWICK, PADOVANO, and ROWE, JJ., concur.