IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

VINCENT JONES,

      Appellant,

v.

FOOD LION, INC. AND RISK
MANAGEMENT SERVICES,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3488

**CORRECTED PAGES: pg 5
CORRECTION IS UNDERLINED IN
RED
MAILED: November 9, 2016
BY: KMS**

Opinion filed November 9, 2016.

An appeal from an order of the Judge of Compensation Claims.
Ralph J. Humphries, Judge.

Date of Accident: October 10, 2011.

Bill McCabe, Longwood, for Appellant.

Janelle G. Koren of Sponsler, Bishop, Koren & Hammer, P.A., Tampa, for
Appellees.

PER CURIAM.

      In this workers' compensation appeal, Claimant argues the Judge of

Compensation Claims (JCC) erred in finding that his claim for permanent total

disability benefits was not ripe for adjudication because Claimant had not reached

overall maximum medical improvement according to his authorized healthcare providers. Claimant argued below that his claim was nonetheless ripe given this Court's reasoning in Westphal v. City of St. Petersburg (Westphal I), 122 So. 3d 440 (Fla. 1st DCA 2013) (en banc). In Westphal I, this Court held:

> [A] worker who is totally disabled as a result of a workplace accident and remains totally disabled by the end of his or her eligibility for temporary total disability is deemed to be at maximum medical improvement by operation of law and is therefore eligible to assert a claim for permanent total disability benefits.

Id. at 442.

The parties agreed at the time of the June 8, 2015, hearing that Claimant had not reached maximum medical improvement per his healthcare providers, that he was at that time temporarily partially disabled, and that he otherwise would be eligible for temporary partial disability benefits but for the expiration of the 104-week eligibility limitation found in paragraph 440.15(4)(e), Florida Statutes (2011). The JCC declined to extend this Court's reasoning in Westphal I to the facts of the case before him, concluding that the Westphal I opinion addressed only the circumstance wherein a claimant was temporarily totally disabled at the end of the 104 weeks of eligibility. This appeal followed.

On June 9, 2016, the Florida Supreme Court released Westphal v. City of St. Petersburg (Westphal II), 194 So. 3d 311, 327 (Fla. 2016), in which the court held paragraph 440.15(2)(a), Florida Statutes (2009), unconstitutional as applied to

2

Westphal and all others similarly situated, as a denial of the right of access to courts guaranteed by article I, section 21, of the Florida Constitution. The supreme court reasoned:

> cut[ting] off disability benefits after 104 weeks to a worker who is totally disabled and incapable of working but who had not yet reached maximum medical improvement . . . deprives an injured worker of disability benefits under these circumstances for an indefinite amount of time – thereby creating a system of redress that no longer functions as a reasonable alternative to tort litigation.

Id. at 313. The supreme court concluded there was no demonstration of "an overwhelming public necessity to justify the Legislature's elimination of temporary total disability benefits after 104 weeks." Id. at 327.

Claimant argues here that the supreme court's reasoning in Westpal II applies equally to those claimants, like him, who are temporarily partially disabled when the 104-week eligibility period expires under paragraph 440.15(4)(e). Based on the reasoning and directive of the supreme court in Westphal II, we necessarily agree. Being medically released for some level of employment (e.g., light-duty) is not the equivalent of working. See Wyeth/Pharma Field Sales v. Toscano, 40 So. 3d 795, 800 (Fla. 1st DCA 2010) ("Simply being able to work and search for work, however, is not the economic equivalent of an earning capacity."). Whether totally disabled or partially disabled at the end of 104 weeks, a claimant whose temporary indemnity is cut off by paragraphs 440.15(2)(a) or (4)(e) would be deprived of disability benefits for an indefinite amount of time.

3

In <u>Westphal II</u>, the supreme court held:

It is further clear that the Legislature intended to limit the class of individuals who are entitled to permanent total disability to those with catastrophic injuries and those who are able to demonstrate a permanent inability to engage in even sedentary employment within a fifty-mile radius of their home. In other words, these provisions "create a gap in disability benefits for those injured workers who are totally disabled upon the expiration of ***temporary disability benefits*** but fail to prove prospectively that total disability will exist after the date of [maximum medical improvement]." [*Matrix Employee Leasing, Inc. v.*] *Hadley*, 78 So. 3d [621,] 626 [(Fla. 1st DCA 2011)] (quoting *Crum v. Richmond*, 46 So. 3d 633, 637 n.3 (Fla. 1st DCA 2010)). (emphasis added).

<u>Id.</u> at 321. We conclude that the supreme court's use of the phrase "temporary disability benefits" implies that the reasoning of <u>Westphal II</u> also encompasses any "gap" created by application of the 104-week cap on temporary total and partial disability benefits. Similar to Westphal, a claimant who was receiving temporary partial disability benefits, and who reached the 104-week cap would suffer a reduction in benefits but, under the 2009 statutory scheme, would then be cut off from his or her "ability to receive any disability benefits at all." <u>Id.</u> at 323.

Accordingly, as the supreme court concluded in <u>Westphal II</u>, the appropriate "remedy is the revival of the pre-1994 statute that provided for a limitation of 260 weeks of temporary total disability benefits." <u>Westphal II</u>, 194 So. 3d at 327. Applying that reasoning here leads to the conclusion that, as of the time of the hearing below, Claimant in fact was entitled to temporary partial disability benefits, and remained eligible until the expiration of 260 weeks. <u>See</u> § 440.15(4)(c), Fla.

4

Stat. (1991).* Having not reached maximum medical improvement, he was not entitled to pursue a claim for permanent total disability benefits. See Hernandez v. Geo Group, Inc., 46 So. 3d 1123, 1125 (Fla. 1st DCA 2010) (affirming JCC's denial of permanent total disability benefits as premature for time period prior to date of maximum medical improvement).

Accordingly, we affirm the JCC's conclusion in result only. See James W. Windham Builders, Inc. v. Overloop, 951 So. 2d 40, 43 (Fla. 1st DCA 2007) ("If a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis to support the judgment in the record. *Dade County Sch. Bd. v. Radio Station WQBA,* 731 So. 2d 638, 644 (Fla. 1999)."). Here, the JCC's conclusion that Claimant's permanent total disability claim was premature is correct, not for the reason given by the JCC, but based on the reasoning and application of Westphal II, as just explained. See Fla. Patient's Comp. Fund v. Von Stetina, 474 So. 2d 783, 788 (Fla. 1985) ("An appellate court is generally required to apply the law in affect at the time of its decision."). Consequently, the JCC's ruling is AFFIRMED.


MAKAR, JAY, and M.K. THOMAS, JJ., CONCUR.

---

* In reaching this conclusion, however, we make no judgment as to whether the remainder of subsection 440.15(4), Florida Statutes (1991), has been revived.