IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSE GOMEZ-LUJANO,

      Appellant,

v.

PALM BEACH GRILL-
HOUSTON'S RESTAURANT
AND TRAVELERS
INSURANCE,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-0670

Opinion filed January 19, 2017.

An appeal from an order of Judge of Compensation Claims.
Shelley H. Punancy, Judge.

Date of Accident: October 31, 2001.

Kimberly A. Hill of Kimberly A. Hill, P.L.L., Fort Lauderdale, for Appellant.

Jerry M. Hayden and Willie B. Ramhofer of Vernis and Bowling, P.A., Miami, for
Appellees.

PER CURIAM.

      The court having received the October 27, 2016, order of the Supreme Court

of Florida quashing this court's opinion of November 19, 2015, and remanding the

matter for reconsideration upon application of Westphal v. City of St. Petersburg,

194 So. 3d 311 (Fla. 2016), and finding that reversal is warranted in light of that

opinion, the order of the Judge of Compensation Claims is REVERSED and this case is REMANDED for proceedings consistent with that opinion. See also Jones v. Food Lion, Inc., 41 Fla. L. Weekly D2490 (Fla. 1st DCA Nov. 9, 2016) (applying Westphal to section 440.15(4)(e), Florida Statutes). Additionally, we strike the following sentence from the order, as beyond the scope of issues before the Judge of Compensation Claims: "I therefore conclude that no additional impairment benefits are owed to Claimant." See Parodi v. Fla. Contracting Co., 16 So. 3d 958, 961 (Fla. 1st DCA 2009) (holding that judge of compensation claims properly reserved jurisdiction on unmediated petitions for benefits).

LEWIS, B.L. THOMAS, and ROWE, JJ., CONCUR.